*Nov. Term, 1846.*

DAILEY
v.
THE STATE.

---

DAILEY *v.* THE STATE, on the Relation of HUFFER.

No person can, according to the constitution, hold more than one lucrative office at the same time, except, &c.

The offices of county recorder and county commissioner are lucrative offices within the meaning of the constitution.

A county recorder, by accepting the office of county commissioner, vacates his office of recorder.

ERROR to the *Adams* Circuit Court.

PERKINS, J.—Information in the nature of *quo warranto*, on the relation of *Jacob Huffer*, against *Esaias Dailey*, charging that the latter, on the 7th of *September*, 1840, was the recorder of *Adams* county, *Indiana*, and that on that day he accepted, was sworn into, and entered upon the duties of, the office of county commissioner of said county, both of which offices he has ever since held, and still continues to hold. It avers that, by his acceptance of the office of county commissioner, he forfeited and vacated that of county recorder.

*Wednesday, January 27, 1847.*

Demurrer to the information overruled, and judgment of ouster against the defendant.

It is conceded by the counsel for the plaintiff in error, that our constitution prohibits the holding, by one person at the same time, of two lucrative offices, with an exception not embracing this case; and it is also conceded that under our constitution the acceptance, by an incumbent of one lucrative office, of another such, vacates the former office; but it is contended that the Court erred in overruling the demurrer in this case; because, 1. The right to exercise the employment of county commissioner is not an office; 2. The right to exercise the employment of county recorder is not an office; and, 3. If they are offices, they are not both lucrative.

VOL. VIII.—42

Nov. Term,
1846.

Sir *William Blackstone*, in the Second Book of his Commentaries, page 36, defines an office to be a right to exercise a public or private employment, and take the fees and emoluments thereunto belonging, whether public, as those of magistrates, or private, as of bailiffs, &c. Under this definition, it appears to us very clear that the right to exercise the duties, and take the compensation therefor, of county recorder, is an office; and equally so, the right to the employment and pay of a county commissioner. These employments are both treated as offices by our constitution and laws. R. S. 1843, pp. 97, 98, 122. We think, also, they are lucrative offices. Pay, supposed to be an adequate compensation, is affixed to the performance of their duties. We know of no other test for determining a "lucrative office" within the meaning of the constitution. The lucrativeness of an office — its net profits—does not depend upon the amount of compensation affixed to it. The expenses incident to an office with a high salary may render it less lucrative, in this latter sense, than other offices having a much lower rate of compensation.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Cooper*, for the plaintiff.

*A. A. Hammond, J. Smith*, and *S. Major*, for the defendant.