DONNELL *v.* THE STATE.

Section 115 of chapter 53 of the R. S. 1843, is void as being contrary to the constitution of the *United States*.

It is error to convict a person under that section.

ERROR to the *Decatur* Circuit Court.

PERKINS, J.—This was an indictment against *Luther A. Donnell*, containing two counts; one charging him with

inducing the escape of, and the other with secreting, "a certain woman of color, called *Caroline*, then being the slave of, and owing service to, one *George Ray*, in the state of *Kentucky*."

The defendant was convicted.

The section of the statute of our state upon which this indictment was grounded, according to the decision in *Prigg* v. *Pennsylvania*, 16 Pet. 539, is unconstitutional and void. The conviction upon it was, therefore, erroneous.

Prosecutions under a state statute against passing counterfeit coin in the similitude of the currency of the *United States*, are sustained on the ground, as we understand by the case of *Fox* v. *Ohio*, 5 How. U. S. 410, as explained in *United States* v. *Marigold*, 9 id. 560, that they are in reality for the punishment of private cheats practiced upon the citizens of the state within her jurisdiction by means of the counterfeit coin as the instrument of effecting them. But state statutes punishing the enticing away and secreting of slaves from citizens of other states, are in aid of the execution of the constitution and laws of the *United States* only, and not for the punishment of wrongs perpetrated upon their own citizens.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*D. Wallace*, for the state.

