The State *v.* Moore.

It is no objection to an indictment for an offence against a statute of a state, that the defendant is liable to punishment, for the same act, under a law of the *United States.*

Tuesday,
June 12.

APPEAL from the *Tippecanoe* Circuit Court.

Perkins, J.—This was an indictment against *Martin Moore*, charging him with having, on, &c., at the county of *Tippecanoe*, in this state, "unlawfully and feloniously, with intent then and there to defraud one *John Mahar*, of said county, uttered and published to said *Mahar*," &c., "as true and genuine, a certain false, forged and counterfeit instrument in writing, purporting to be a certificate of *George W. Crump*, deputy commissioner of pensions, and purporting to have been issued by the said *George W. Crump*, deputy commissioner of pensions, and commonly called a land-warrant, which said false, forged and counterfeited instrument in writing is as follows, that is to say." Here the instrument was set out in *hæc verba*.

The Court, on motion, quashed the indictment, on the ground that the state Court had not jurisdiction.

The Court erred in quashing for that reason. Admit that the defendant would be liable to prosecution in the Courts of the *United States*, that fact will not exclude the jurisdiction of the state Courts.

Congress has the exclusive power to legislate on the subject of coining money, &c., and counterfeiting the national coin is punishable in the Courts of the *United States;* yet the Supreme Court of the *United States* has decided that state laws providing for punishing the same offence when practised in defrauding, or attempting to defraud, their own citizens, are valid; that those guilty may be punished in the state Courts for violating the state laws, and in the *United States* Courts for violating the laws of the *United States;* and that it is no objection that the individuals are thus punished twice for the same offence, the punishments being severally inflicted by separate jurisdictions. *Fox* v. *The State of Ohio*, 4 How. (U. S.) R. 510.

So the same Court held, in *Moore* v. *The People of Illinois*, 14 How. (U. S.) R. 13, that a state may pass a law prohibiting her citizens from harboring fugitive slaves, as matter of state policy, and punish criminally the violation of the statute, notwithstanding the party would also be punishable under the act of congress.

So, in this case, a state may pass laws punishing acts of forgery practised in defrauding her own citizens by means of any forged instrument, as this state has done, and may punish the violator of the law, although he may be again prosecuted by the general government for violating her laws by the same act which violated the law of the state. In other words, a party in committing a wrongful act, may, by one act, violate the laws of two governments, and render himself amenable to both.

In regard to legislation upon the subject of fugitive slaves, it was thought the case of *Prigg* v. *Pennsylvania*, 16 Peters 539, had decided the right to be exclusively in congress; hence the decision in *Donnell* v. *The State*, 3 Ind. R. 480, and *Degant* v. *Michael*, 2 *id*. 396. The case of *Moore* v. *The People of Illinois, supra*, holds differently, and under it we make this decision, which overrules *Donnell* v. *The State* and *Degant* v. *Michael, supra*.

On these questions we have only to follow the decisions of the Supreme Court of the *United States*.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*L. Wallace* and *W. F. Lane*, for the state.

*H. S. Lane, S. C. Willson, R. C. Gregory* and *R. Jones*, for the appellee.