*J. S. Scobey,* for the appellant.

---

## Lucas *v.* Shepherd.

*A.* and *B.* executed a bond to *C.*, in the penalty of $1,000, reciting that *C.*, being county treasurer, had appointed *A.* his deputy, and conditioned to secure the faithful performance by *A.* of his duties, and the payment over of all moneys received by him. Suit upon the bond, to recover certain moneys received by *A.* and not paid over. Answer by *B :* 1. That *A.* never subscribed an oath, nor received a certificate of appointment as deputy. 2. That said *A.* was, during all the time he was acting as deputy, one of the acting county commissioners of said county. 3. That said bond was an official bond, and should have been payable to, and sued by, the State of *Indiana.*

*Held,* That *B.* was estopped by the recitals of the bond from setting up the matters pleaded in the first paragraph of his answer.

*Held,* also, that if the position of deputy treasurer is a lucrative office. then the acceptance of it vacated the office of county commissioner, and hence the second answer was bad.

*Held,* also, that as no statute is shown requiring such bond to be made pay-able to the State, it would be good between the parties.

APPEAL from the *Boone* Common Pleas.

HANNA, J.—*Thompson* and *Lucas* executed a bond to *Shepherd,* in the penalty of $1,000, reciting that said

May Term,
1861.

LUCAS·
v.
SHEPHERD.

*Thompson* had been appointed deputy treasurer of *Boone* county, and taken the oath of office under said *Shepherd*, and was to secure the performance of the duties, and payment over of moneys collected by him. This was a suit by *Shepherd* on the said bond. Alleged breach, that *Thompson* had collected a large amount of money as such deputy, and that upon an account stated with his principal, there was found due, in his hands, $363 $\frac{0.9}{100}$, which he had failed, on demand, to pay over; that *Shepherd* had accounted to his successor in office for said sum, as so much money collected by him. Default as to *Thompson*. *Lucas* answered: 1. Denial. 2. That *Thompson* was never appointed deputy; that he never subscribed an oath, nor received a certificate of appointment, nor legally entered upon the duties of such office. 3. That said *Thompson* was, during all the time when he was acting as such deputy, one of the legally elected, qualified and acting county commissioners of said county. 4. That said bond was, and is, an official bond, and should have been payable to, and sued by, the State of *Indiana*. 5. Accord and satisfaction.

A demurrer was sustained to each of the paragraphs of the answer numbered two, three and four. The grounds of objection were: 1. Insufficiency of statement of facts. 2. That the defendant was estopped by the recitals in the said bond from setting up the answer so pleaded. These rulings present the first question in the case.

We are of opinion that there was no error in the rulings upon demurrers. The defendant was estopped by the recitals in the bond, from setting up the matters attempted to be pleaded in the second paragraph of the answer. As to the third paragraph, the facts stated were not sufficient to bar the action. Without stopping to determine whether a deputy treasurer's place is a lucrative office, or not, it appears to us that if it is, then the acceptance of the place vacated that of county commissioner (*Dailey* v. *The State*, 8 Blackf. 329); and if it is not, then there is no foundation for the answer. As to the fourth paragraph, we have not been referred to any statute, and we know of none, requiring the bond to be of the character indicated. In the absence of a statute, the bond would be good as between the parties. Reply to the fifth

May Term, 1861.

paragraph, admitting the reception by plaintiff of $20 from said *Lucas*, to be credited on the delinquency of *Thompson*, but denying that it was in full satisfaction, or so intended.

Trial, finding, and judgment for $363, the amount found due. There was no motion to correct the finding by the pleadings; nor does the record, under the rule of this Court, show that all the evidence is therein contained.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*O. S. Hamilton*, for the appellant.

*A. J. Boone*, for the appellee.