CHIEF JUSTICE WILLIAMS
delivered the opinion op the court:
Hoglan having been elected presiding judge of the county court for Bullitt county in 1863, and having acted as such, refused to surrender the records, &c., pertaining to said office to Carpenter, though he had been elected *90 in 1866, and commissioned as such judge for said county; whereupon, he brought suit against Hoglan to recover them, to which the latter, by answer and cross-petition, set up that Carpenter was postmaster at Shepherdsville, under appointment from the United States, when elected, and had continued so to act even after he had entered upon the discharge of his duties as county judge under his commission; denied that he could constitutionally hold the latter office, and denounced him as an usurper in office, and claimed that he himself was rightfully the county judge until his successor was legally installed into office.
To this cross-petition Carpenter replied; but his reply has been misplaced, and is not in the record; but his counsel insists that he therein set out that Hoglan, after he had been elected and was acting as such county judge, accepted the appointment of provost marshal for said county from the United States, and acted as such; and also accepted the office of military enrolling board from the same government, and that .thereby his office of county judge became vacant,, and that his continued exercise of its duties constituted him an usurper.
Upon the trial, the court refused to let Hoglan prove that Carpenter was postmaster when elected, and continued to act as such for months after he was acting as county judge, to which exceptions were taken, but finally dismissed Carpenter’s petition, because he had not legally qualified under his commission, and then dismissed Hoglan’s cross-petition upon demurrer.
It has heretofore been decided by this court, that the holding of the office of postmaster under the United States was incompatible with the holding of a State office, under section 18, article S, State Constitution; and as said by this court in Patterson vs. Miller (2 Met., *91 293), his certificate of election is not even prima facie evidence of his eligibility to the office, nor indeed is his commission; and though, whilst his acts are good as to third persons, though he be ineligible, because he is de facto an officer, yet, as to himself, they are null, and may be questioned by any kind of proceedings and in all proceedings.
The court erred in rejecting the proffered evidence. But, on the return of the cause, Carpenter should be permitted to file another reply, and to make proof that Hoglan had accepted and acted as provost marshal of the United States, or any other office thereunder, after he had been commissioned as county judge, for thereby he vacated the office, and of course could not maintain his cross-petition.
Whilst the oath of office taken by Carpenter before J. W. Carpenter, a justice of the pea?ce, August 16th, 1866, is quite informal, yet we think it substantially sets out the essential requirements that the incumbent had taken the several oaths prescribed by the Constitution and laws of the Commonwealth; and if it had not, this could not be determined in this kind of procedure, .as this would be a mere informality, and not a constitutional ineligibility.
If, on the final trial, it should be ascertained that both claimants are usurpers, and that neither is the legal incumbent, it should be so declared, that the proper and legal steps may be taken by the proper authorities to have a legal incumbent placed in the office.
Wherefore, the judgment is reversed, with directions for further proceedings not inconsistent herewith.