## Howard and Another *v.* Shoemaker, Auditor of State, and Another.

OFFICE AND OFFICER.—*Judicial Office.—Mayor.—Prison Director.*—It seems that the office of mayor of a city incorporated under the general law of 1867 for the incorporation of cities is a judicial office, and that, therefore, the incumbent thereof is ineligible to the office of prison director during the term for which he was elected mayor.

SAME.—*Lucrative Offices.*—The offices of mayor of a city incorporated under said general law and of director of the state prison are both lucrative offices, and the election of one who is such director to the office of mayor and his acceptance thereof will vacate his office of director.

APPEAL from the Marion Civil Circuit Court.

DOWNEY, C. J.—In May, 1869, Levi Sparks was elected to the office of mayor of the city of Jeffersonville, a city incorporated under the general law of the State with reference to the incorpation of cities, for two years, and took upon himself the discharge of the duties of the office. At the same time, in pursuance of an order of the city council, a city judge was elected for the same term, who took upon himself the duties of that office. On the 11th day of January, 1871, before the expiration of the two years for which Sparks had been elected mayor, he was elected by the legislature a director of the southern prison, and having qualified, entered on the discharge of the duties of that office.

In May, 1871, Sparks was re-elected mayor of the city of Jeffersonville, and at the same time a city judge was again elected, each for two years; and each qualified and took upon himself the discharge of the duties of his office, in which he is still serving.

On the 22d day of May, 1871, Heiskel was appointed by the Governor to the office of director of the prison, on the theory that Sparks was not a legal director. He qualified, and claims to be entitled to act as such director. On the 23d day of May, 1871, Sparks and Kirk, a director of the prison, made an order removing Shuler from the office of Warden, to which he had been elected for four years from the 1st day

of January, 1869, and appointed Keigwin warden in his place.

The appellants, having a claim for supplies furnished to the prison, procured the same to be allowed by Sparks and Kirk, who gave them an order on the State for the amount, the order being signed by Keigwin, as warden. This order was presented to Shoemaker, the auditor of State, who refused to allow it or draw his warrant on the treasurer therefor.

This proceeding, by way of mandate, was commenced against Shoemaker, to compel him to audit and allow the claim and draw his warrant therefor on the treasurer of state. Hieskel and Curry, directors, and Shuler, the warden, were made parties to the suit on their own application. In the circuit court there was judgment for the defendants, and the plaintiffs appealed to this court.

The only question in the case is whether or not Sparks is legally a director of the prison. All the parties waived every other question, and desire a decision of this one.

Two points are discussed, involving this main question: First, was Sparks, as mayor of Jeffersonville, a judicial officer when he was elected director, in January, 1871? and second, did his election to the office of mayor in May, 1871, and his acceptance of that office have the effect to vacate the office of director of the prison?

The duties of Mayor of a city, under the act of 1867, are declared as follows:

"Sec. 17. It shall be the duty of the mayor to see that the laws of the State and the by-laws and ordinances of the common council be faithfully executed within such city; he shall be a conservator of the peace, and, as such, shall have, within the city limits, the power conferred upon justices of the peace for that purpose; to exercise supervision over subordinate officers, and to recommend to the common council such measures as he deems for the public good; he shall sign all commissions, licenses, and permits granted by the common council, and he shall perform such other duties as the

Howard and Another *v.* Shoemaker, Auditor, &c., and Another.

nature of his office and the interests of the city require; he shall have the custody of the corporate seal, and may take and certify, under the same, the proof and acknowledgment of deeds and other instruments in writing, which shall be good in any court in this State, without further authentication; he may also take and certify depositions and affidavits, and the same shall have a like force and effect as if taken by a justice of the peace; he shall hold a city court every day, Sunday excepted, at a place to be furnished by the common council. While sitting as such court, he shall have exclusive jurisdiction of all prosecutions for violation of the by-laws and ordinances of the city and township in which such city is situated; he shall have, within the limits of said city, the jurisdiction and powers of a justice of the peace in all matters, civil and criminal, arising under the laws in this State, and for crimes and misdemeanors his jurisdiction shall be co-extensive with the county in which such city is situated: Provided, that in trials before him, he shall have power to adjudge imprisonment as a part of his sentence, not exceeding thirty days, in the city or county prison. In all actions in the city judge or mayor's court, either party may have a trial by jury and a change of venue to a justice of the peace in such city, and an appeal to a court of competent jurisdiction, under the same restrictions and in the same manner as in a justice's court, except in cases where the mayor has exclusive jurisdiction, no change of venue shall be allowed. The same rules of pleading and practice shall be observed in the city judge or mayor's court that are in a justice's court. The mayor shall give bond, payable to the State of Indiana, in any penal sum not less than three thousand dollars, to be approved by the clerk of the circuit court, with freehold security, conditioned for the faithful performance of his duties as mayor, and all other duties herein required, and file the same with the clerk of the circuit court within the time directed by law for justices of the peace. All fines and penalties collected by him shall

be paid into the city treasury, within one month after the
same shall have been received by him, in the kind of funds
so received, except when otherwise directed by acts prescrib-
ing the duties and powers of justices of the peace, in which
case he shall pay all fines and forfeitures collected by him
for violation of the penal laws of the State, into the county
treasury, in the same manner and under the same restrictions
that justices of the peace are required to do."

It is provided in section eight as follows:

"Sec. 8.   The officers of such city shall consist of a may-
or, two councilmen from each ward, a city clerk, assessor,
treasurer, civil engineer, street commissioner, and marshall,
and if the common council deem it expedient for the best
interests of the city, a city attorney and city judge."

In the sections of the act subsequent to these the mayor
and city judge are spoken of, generally, in the same connec-
tion, coupled disjunctively, thus: " in all actions in the city
judge or mayor's court either party may have a trial by jury,"
&c.; "the same rules of pleading and practice shall be observed
in the city judge or mayor's court that are in a justice's court;"
"the mayor or city judge shall keep a docket," &c.; and
"in the absence of such mayor or city judge, the docket
shall be deposited with any justice of the peace in the city,
who shall be vested with all the judicial powers and author-
ity of such mayor or city judge."   In case of the death of
the mayor or city judge, the docket shall be placed in the
hands of some justice of the peace of the city, "who shall
act as and have all the judicial power and authority of such
mayor or city judge," until the vacancy shall have been filled.
It is made the duty of the person having the charge of the
county prison, under certain circumstances, to obey the judg-
ment of the "city judge or mayor's court."   The same fees
are allowed in the city judge as in the mayor's court, to the
city attorney.   But no part of the act expressly confers up-
on the city judge any jurisdiction whatever.   The follow-
ing passage, found in the section relating to the duties of
mayor, in the act of 1857, is wholly omitted in the act of

Howard and Another *v.* Shoemaker, Auditor, &c., and Another.

1867: "If the common council shall deem it expedient for the interests of such city to cause a city judge to be elected, the same may be done at any general election at which the mayor shall also be elected, and such city judge shall give the like bond as the mayor is herein required to give, and he shall, from and after his due qualification, perform all the judicial duties herein required to be performed by the mayor."

Under this provision in the act of 1857, it is quite clear that when the city council had ordered the election of a city judge, and he had been elected and had qualified, from that time the mayor was relieved of his judicial duties. In the absence of any provision in the act of 1867, taking away from the mayor the judicial duties so clearly and expressly conferred upon him by section seventeen above quoted, without deciding whether the city judge has or has not any jurisdiction, two of the members of this court are of the opinion that under the act of 1867, the mayor of a city is a judicial officer within the meaning and intent of sec. 16, art. 7, of the constitution of the State, and that, therefore, Sparks was ineligible to the office of director of the prison during the term for which he was elected mayor in 1869, and consequently ineligible when he was elected by the legislature in January, 1871. Upon the other question, it is the opinion of a majority of the court that as the mayor of a city, under the act of 1867, has duties to perform, under the laws of the State, aside from those which are judicial and those of a purely municipal character, such as the taking and certifying of affidavits and depositions, the proof and acknowledgment of deeds and other instruments in writing, for which he is entitled to and may charge and receive fees, the office is a "lucrative" one, within the meaning of sec. 9, art. 2, of the constitution of the State, that the office of director of the prison is also lucrative, and that the election of Sparks to the office of mayor in May, 1871, and his acceptance thereof vacated the office of director of the prison, if he was eligible thereto when he was elected. *Dailey* v. *The State, ex rel. Huffer*, 8 Blackf. 329; *Creighton* v. *Piper*, 14 Ind. 182.

The judgment is affirmed, with costs.

*J. E. McDonald, J. M. Butler, E. M. McDonald, J. H. Stotsenburg,* and *T. M. Brown,* for appellants.

*J. W. Nichol, L. Jordan, C. A. Ray,* and *S. E. Perkins,* for appellees.