THE STATE, EX REL. PLATT, *v.* KIRK.

OFFICE AND OFFICER.—*Lucrative Office.*—An office to which there is attached a compensation for services rendered is a lucrative office.

SAME.—*Councilman.*—The office of councilman in a city is an office purely and wholly municipal in its character, and such officer has no duties to perform under the general laws of the State.

SAME.—*Constitutional Law.*—The office of councilman in a city, although a lucrative office in the ordinary sense of the words, is not a lucrative office within the meaning of the ninth section of the second article of the constitution, which provides that no person shall hold more than one lucrative office at the same time.

From the Floyd Circuit Court.

*G. V. Howk* and *W. W. Tuley*, for appellant.

*S. K. Wolfe, J. V. Kelso, A. Stephens, J. W. Nichol,* and *L. Jordan,* for appellee.

DOWNEY, C. J.—This was a proceeding by *quo warranto*, on the relation of Platt, against Kirk, to inquire by what right he held the office of director of the state prison at Jeffersonville. Kirk demurred to the information, on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court, and final judgment was rendered for the defendant. From this judgment Platt has appealed and has assigned the ruling on the demurrer as error. The complaint is as follows:

"The State of Indiana, on the relation and for the use of Samuel T. Platt, complains of John Kirk, and for the said State of Indiana, on the relation and for the use aforesaid,

gives the Honorable, the Floyd Circuit Court, now here to understand and be informed, that the defendant, John Kirk, heretofore, to wit, on the 11th day of January, A. D. 1871, was duly elected by the General Assembly of the State of Indiana a director of the Indiana State Prison South, under and in accordance with the provisions of an act entitled 'An act to provide for the government and discipline of the state prison, and to repeal "An act to provide for the government and discipline of the state prison," approved March 3d, 1855, and all other laws or parts of laws, inconsistent herewith,' approved, February 5th, 1857; that thereafter, to wit, on the 30th day of January, 1871, the said John Kirk was duly commissioned by the governor of the State of Indiana as such prison director of said Indiana State Prison South, for the term of four years from and after the said last named day, and until his successor should be elected and qualified; and that thereupon, on the day last named, the said John Kirk took the oath of office prescribed by law, and entered upon the discharge of the duties of his said office as such prison director.

"And the plaintiff further says that the said John Kirk, before and at the time of his election as aforesaid to the said office of prison director, was and ever since has been a resident citizen of the first ward in the city of Madison, Jefferson county, Indiana, and as such citizen was at the time of his said election, and has since continued, eligible to the office of councilman, from the said first ward of the said city of Madison; that before the 1st day of May, 1871, the said city of Madison was and ever since has been a city, duly incorporated as such under and in accordance with the provisions of an act of the General Assembly of the State of Indiana, entitled 'An act to repeal all general laws now in force for the incorporation of cities and to provide for the incorporation of cities, prescribing their powers and rights, and the manner in which they shall exercise the same, and to regulate such other matters as properly pertain thereto,' approved March 14th, 1867; that at the regular elec-

tion of city officers of said city of Madison, held in said city of Madison on the first Tuesday in May, in the year of our Lord eighteen hundred and seventy-one, the defendant, John Kirk, was duly elected to the office of councilman, from the said first ward of the said city of Madison; that thereupon, the defendant, John Kirk, duly accepted the said office of councilman, from the first ward of the said city of Madison, and took and subscribed the oath of office and entered upon the discharge of the duties of his said office; and that the defendant, John Kirk, continued in the discharge of the duties of his said office of councilman, from the time of his said election until the 19th day of February, 1873.

"And the plaintiff further says, that at the time the defendant, John Kirk, was so elected to his said office of prison director, the annual compensation for the services of such director, as fixed by law, was and ever since has been eight hundred dollars; that at the time the said defendant was so elected as aforesaid to his said office of councilman from the said first ward of the said city of Madison, and ever since, his salary or compensation for his services as such councilman, as fixed under the law, was three dollars for each and every meeting of the common council of said city, or at least seventy-eight dollars per year, but not more than one hundred and fifty dollars in any one year; and that from the time of his said election and acceptance of his said office of councilman, up to the 1st day of January, 1873, the said John Kirk had actually drawn and received from the said city of Madison, for his services as such councilman, as salary or compensation therefor, the sum of one hundred and thirty-two dollars; and so the plaintiff in fact says that the said office of councilman of the said city of Madison, during the time aforesaid, was and since has been, under the laws of the State of Indiana, a lucrative office, and that by the defendant's election to and acceptance of his said office of councilman as aforesaid, the defendant did, in fact and in law, vacate the said office of director of the

Indiana State Prison South, to which he had been before that time elected as aforesaid.

"And the plaintiff further says that the defendant, John Kirk, having vacated as aforesaid the said office of director of the Indiana State Prison South, the said Samuel T. Platt, the relator of the plaintiff herein, who was then and there legally eligible in every particular to the office aforesaid, was duly and legally elected, on the 11th day of January, 1873, by the General Assembly of the State of Indiana, then in joint convention assembled, to the said office of prison director, in the room and stead and as the successor of the said defendant, and to fill the unexpired term of the said defendant, who had vacated the said office of director in manner and form aforesaid; that the said Samuel T. Platt, the relator of the plaintiff herein, was then and there duly commissioned by the governor of the State of Indiana, as such director as aforesaid, to fill the unexpired term of the defendant as such director, in pursuance of the said election last aforesaid; and that the said Samuel T. Platt, the relator of the plaintiff herein, then and there accepted the said office of director of the Indiana State Prison South, to which he had been elected as aforesaid, and then and there took and subscribed the oath of office, as required by law, and then and there proposed to enter upon the discharge of the duties of his said office.

"And the plaintiff says that, notwithstanding the premises aforesaid, the defendant, John Kirk, has continued unlawfully to hold and exercise, and now unlawfully holds and exercises, the said office of director of the Indiana State Prison South, and that by means of the premises, the said Samuel T. Platt, the relator of the plaintiff herein, has sustained damages in the sum of five hundred dollars, which remains unpaid.

"Wherefore the plaintiff demands judgment; that the rights of the said Samuel T. Platt, the relator of the plaintiff, to the said office of director of the said Indiana State Prison South may be determined and established; that the said

relator of the plaintiff may be authorized and directed to exercise the functions of his said office, as required by law, without the let or hindrance of the said defendant; that the said relator of the plaintiff may recover of the defendant the said sum of five hundred dollars, the damages aforesaid; and that the plaintiff's relator may have all other proper relief in the premises."

The case turns upon the proper construction of the following section of the constitution of the State: "No person holding a lucrative office or appointment, under the United States, or under this State, shall be eligible to a seat in the General Assembly; nor shall any person hold more than one lucrative office at the same time, except as in this constitution expressly permitted: Provided, that officers in the militia, to which there is attached no annual salary, and the office of deputy postmaster, where the compensation does not exceed ninety dollars per annum, shall not be deemed lucrative: And provided, also, that counties containing less than one thousand polls, may confer the office of clerk, recorder, and auditor, or any two of said offices, upon the same person." Art. 2, sec. 9.

Is the office of councilman in a city such an office as is contemplated by that part of the section which says, "nor shall any person hold more than one lucrative office at the same time"?

An office to which there is attached a compensation for services rendered is a lucrative office. Webster defines the word lucrative to mean "yielding lucre; gainful; profitable; making increase of money or goods; as a lucrative trade; lucrative business or office." In *Dailey* v. *The State*, 8 Blackf. 329, PERKINS, J., in speaking of the offices of recorder and county commissioner, said: "We think, also, they are lucrative offices. Pay, supposed to be an adequate compensation, is affixed to the performance of their duties. We know of no other test for determining a 'lucrative office' within the meaning of the constitution. The lucrativeness of an office— its net profits—does not depend upon the amount of compen-

sation affixed to it. The expenses incident to an office with a high salary may render it less lucrative, in this latter sense, than other offices having a much lower rate of compensation." In this sense, there is no doubt but that the office of councilman in a city is a lucrative office. That the office of prison director is a lucrative office, was decided in the case of *Howard* v. *Shoemaker*, 35 Ind. 111. But this does not dispose of the question in controversy. The office of president of a bank or of a railroad company may be, and generally is, lucrative in the common sense. But it could not be held that a person holding such an office would thereby be rendered ineligible to the office of prison director, or any other civil office under the state government, nor would the acceptance of such an office work a forfeiture of a civil office held by the person accepting the same.

It was held by this court, in *Howard* v. *Shoemaker*, *supra*, that the office of mayor of a city was a lucrative office within the meaning of the ninth section of article 2 of the constitution, not because he received a compensation for the discharge of such of his duties as were purely municipal in their character, but for the reason that he had duties to perform, under the laws of the State, aside from those which are judicial and those of a purely municipal character, such as the taking and certifying of affidavits and depositions, the proof and acknowledgment of deeds and other instruments in writing, for which he is entitled to and may charge and receive fees. The court did not decide in that case that the office of mayor, where there was a city judge, was a judicial office.

The office of councilman is an office purely and wholly municipal in its character. He has no duties to perform under the general laws of the State. The State has enacted a law applicable to all cities which may organize under it. The inhabitants of the particular locality, after having taken the other necessary steps for an organization, elect the designated number of councilmen, who have the power to enact by-laws, and do such other acts and perform such other duties as pertain to their office in the municipality.

These powers and duties of councilmen are beyond and in addition to any acts, powers, and duties performed by officers provided for under the state government. As was said by PERKINS, J., in *Waldo* v. *Wallace*, 12 Ind. 569, "The powers which are exercised by a city government are, it thus appears, superadded to those exercised by the State in the same locality. The people of towns and cities are governed that much more than are the people of the State generally. This is deemed a necessary incident to a dense population. The powers thus exercised by the city governments are specified in their charters, and none can be exercised beyond the specifications; and to guard against their stepping beyond, an appeal lies to the state courts, as from the State to the United States. Sometimes the State, by charter, abdicates all power over a particular subject within the city limits, in favor of the city government." Cases in illustration are cited. In the opinion of HANNA, J., in the same case, the question being whether the office of mayor was an office within the section of the constitution in question, it is said: "After much consideration, we are of opinion that the executive and administrative duties of Wallace were not such as come within those departments of the state government, as established by the constitution, and that he was, consequently, left free to be charged with official duties under either of the other departments." If the executive and administrative duties of the mayor of a city are not such as come within the departments of the state government, as established by the constitution, it must follow that the duties of a councilman do not. The case of *The State* v. *Wilmington City Council*, 3 Harring. Del. 294, referred to as authority by the court in *Waldo* v. *Wallace*, is much in point in this case.

To show that a city government is separate and distinct from the government of the State, this court, in *Waldo* v. *Wallace*, referred to the rule laid down in *Ambrose* v. *The State*, 6 Ind. 351, where it was held that when the same act is a violation of a city ordinance and also of a law of the State, the guilty party is liable to be punished by both the

state and the city government.   Reference was also made, for illustration, to *The State* v. *Moore*, 6 Ind. 436, where it was held that when an act is made criminal by the laws of the State, and also by the laws of Congress, the doing of the act in this State is an offence against both governments.

In our opinion the office of councilman in a city, although a lucrative office in the ordinary sense of the word, is not a lucrative office within the ninth section of the second article of the constitution.   It results that there was no error in sustaining the demurrer to the information.

The judgment is affirmed, with costs.