---

## SNODDY v. HOWARD.

CRIMINAL LAW.— *Counterfeiting.* — *Jurisdiction.* — The courts of this State have jurisdiction, as prescribed in the statute, of the offence of retaining in possession apparatus made use of in counterfeiting gold or silver coin of the United States current in this State.

From the Clarke Circuit Court.

*P. H. Jewett*, for appellant.

*H. J. Reed*, for appellee.

BIDDLE, C. J.—Petition by Henry Snoddy, to the Hon. George A. Bicknell, Judge of the Fourth Judicial Circuit, against Andrew J. Howard, warden of the State's prison south, praying for the writ of *habeas corpus*. The writ was granted, and the warden made return thereto, that he held said Snoddy by virtue of a judgment of the Morgan Circuit Court, convicting him of the crime of unlawfully, feloniously, and knowingly retaining possession of certain dies and plates made use of in counterfeiting certain silver coin then current in the State of Indiana, of the denomination of five cents, commonly called " nickels," contrary, etc., whereon it was adjudged that the said Snoddy be imprisoned in the State's prison for the period of two years, making the record of said judgment a part of his return.

Exceptions were filed to the return, because it did not

show that the Morgan Circuit Court had jurisdiction of the offence of which the prisoner was convicted, as stated in the record. The exceptions were overruled, and the prisoner remanded. Appeal.

Had the Morgan Circuit Court jurisdiction in the case upon which the prisoner was convicted and imprisoned?

This is the only question properly raised in the record, although some other collateral points are made in the appellant's brief.

The authorities are not uniform upon this question in the various states. In *Mattison* v. *The State*, 3 Mo. 421, it was held that an act which punished counterfeiting the current coin was void, as being in conflict with the constitution of the United States. In *Rouse* v. *The State*, 4 Ga. 136, a similar question was left as a *quære*. In *Commonwealth* v. *Fuller*, 8 Met. 313, and in *Harlan* v. *The People*, 1 Doug. (Mich.) 207, the question was answered in the affirmative.

In the case of *Sutton* v. *The State*, 9 Ohio, 133, the court remarked:

"We can discover no lack of power in the legislature to punish this offence."

The first case which arose in Indiana is *Chess* v. *The State*, 1 Blackf. 198. The indictment was for counterfeiting "forty-four eagles, current coin of the United States." Conviction. The only error assigned was, that a state court had no jurisdiction in such a case, and the court contented itself by simply affirming the judgment.

In *Donnell* v. *The State*, 3 Ind. 480, sec. 115, Rev. Stat. 1843, p. 984, making it an offence to harbor or employ a slave, was held unconstitutional, and a judgment of conviction under it reversed; but the contrary doctrine was held in *The State* v. *Moore*, 6 Ind. 436, and *Donnell* v. *The State* was overruled. *The State* v. *Moore* was approved in *Ambrose* v. *The State*, 6 Ind. 351, and in *Waldo* v. *Wallace*, 12 Ind. 569, and must be held as the law of this State.

We know of no prohibition, either in the constitution of the United States, or in the constitution of the State of Indi-

ana, which denies the power of the State to punish for counterfeiting coin, or for offences against the currency; nor is such power granted exclusively to, or exercised exclusively by, the United States, and, if not denied nor so granted, it remains amongst the reserved or belongs to the inherent powers of the states.

The judgment is affirmed, at the costs of the appellant.