## MOHAN v. JACKSON.

CONSTITUTIONAL LAW.—*Judicial Office.*—*Justice of the Peace.*—*City Clerk.*— The office of city clerk is not an office "under the State," within the meaning of section 16, article 7, of the constitution of Indiana; and one who has been elected to the office of justice of the peace, and has qualified and entered upon the duties of said office, is not ineligible to the office of city clerk during the term for which he was elected justice of the peace.

From the Madison Circuit Court.

*H. D. Thompson*, for appellant.

*M. S. Robinson* and *J. W. Lovett*, for appellee.

DOWNEY, C. J.—This was an information by Mohan against Jackson, which, on motion of the defendant, was quashed, because it did not state facts sufficient to constitute a cause of action.

It appears that on the 11th day of October, 1870, Jackson was elected to the office of justice of the peace, and that he afterwards qualified as such, and entered upon the discharge of the duties of such office. On the 5th of May, 1874, he was elected to the office of city clerk of the city of Anderson, and he qualified and assumed the discharge of the duties of that office. Mohan was, at the same election, a candidate

for said office of city clerk, but received a less number of votes than Jackson. Mohan filed the information in this case to test the question whether or not Jackson was entitled to hold the office of city clerk.

It is claimed that the office of justice of the peace is a judicial office, and that when Jackson was elected to and accepted it, he was not eligible to the office of city clerk during the term for which he was elected justice of the peace.

The question turns upon the proper construction of section 16, article 7, of the constitution of the State. It reads as follows:

"No person elected to any judicial office shall, during the term for which he shall have been elected, be eligible to any office of trust or profit, under the State, other than a judicial office."

We are of the opinion that the office of city clerk is not an office "under the State," within the meaning of this section. *The State* v. *Kirk*, 44 Ind. 401.

The question here is one of eligibility, and not one of incompatibility of offices. When the offices are merely incompatible, the acceptance of the second vacates the first or former. *Howard* v. *Shoemaker*, 35 Ind. 111, and cases cited.

The judgment is affirmed. with costs.