Chambers *v.* The State, *ex rel.* Barnard, Prosecuting Attorney.

No. 14,645.

CHAMBERS *v.* THE STATE, EX REL. BARNARD, PROSECUTING ATTORNEY.

OFFICE AND OFFICER.—*"Lucrative Office."*— *What is.*—The office of trustee of the Institute for the Education of the Deaf and Dumb and the office of school trustee are lucrative offices within the meaning of section 9, article 2, of the Constitution.

SAME.—*Office of School Trustee.*— *Vacation of.*—The acceptance, therefore, of the former office by an incumbent of the latter vacates the latter.

SAME.—*Forfeiture.*—*Information.*—*Necessary Averments.*—In an action to oust such incumbent from the office vacated, the information is sufficient if it states such facts as show a forfeiture of the office. Section 1131 R. S. 1881.

From the Rush Circuit Court.

*J. Brown, W. A. Brown* and *J. M. Brown,* for appellant.

*W. O. Barnard,* Prosecuting Attorney, *T. B. Redding, J. T. Mellett* and *E. H. Bundy,* for appellee.

OLDS, C. J.—This action is brought by the State on relation of William O. Barnard, prosecuting attorney, appellee, against David W. Chambers, appellant, to oust the appellant from the office of school trustee of the school town of New Castle, and to have the office declared vacant in so far as the appellant had any right to hold said office, on the grounds that after said appellant's election and qualification as such school trustee he was appointed and accepted and qualified as a trustee of the Institute for the Education of the Deaf and Dumb.

The appellant demurred to the information for want of facts, and the court overruled the demurrer, and this ruling of the court is the only error assigned.

It is contended by counsel for the appellant that the information is insufficient for the reason that section 1134, R. S. 1881, provides that " Whenever an information shall be filed against a person for usurping an office, by the prosecuting attorney, he shall also set forth therein the name of

the person rightfully entitled to the office, with an averment of his right thereto," and for the further reason that the office of school trustee is an office held under a municipal corporation, and is, therefore, not a lucrative office within the meaning of the clause of section 9, article 2, of the Constitution of Indiana, which provides that no person shall " hold more than one lucrative office at the same time, except as by this Constitution expressly permitted."

It is not contended but that the office of trustee of the Institute for the Education of the Deaf and Dumb is a lucrative office, and we think there can be no question but that it is, even if it were not conceded. It has been held by this court, in *Howard* v. *Shoemaker*, 35 Ind. 111, that the office of director of the Southern Prison is a lucrative office, and we think there is no distinction in this respect between the two offices. The decision in the case of *Howard* v. *Shoemaker*, *supra*, is undoubtedly correct and in harmony with all authority. It is held in the same case that the office of mayor of a city incorporated under the general laws of the State is a lucrative office, and that the election of a person holding the office of prison director to the office of mayor of a city, and his acceptance thereof, vacates his office as director. In that case it is said by the court : " Upon the other question, it is the opinion of a majority of the court that as the mayor of a city, under the act of 1867, has duties to perform, under the laws of the State, aside from those which are judicial and those of a purely municipal character, such as the taking and certifying of affidavits and depositions, the proof and acknowledgments of deeds and other instruments in writing, for which he is entitled to and may charge and receive fees, the office is a " lucrative " one within the meaning of section 9, article 2, of the Constitution of the State."

It is held in *State, ex rel.,* v. *Kirk*, 44 Ind. 401, that the office of councilman in a city is purely and wholly municipal in its character, and such officer has no duties to perform under the general laws of the State, and although the office is a

lucrative one it is not a lucrative office within the meaning of section 9, article 2, of the Constitution of the State. In *Mohan* v. *Jackson*, 52 Ind. 599, it is held that the office of city clerk is not an office within the meaning of section 16, article 7, of the Constitution of the State.

It must, therefore, be regarded as the settled law of this State that if an office is purely municipal, the officer not being charged with any duties under the laws of the State, he is not an officer within the meaning of the Constitution, but if the officer be charged with any duties under the laws of the State, and for which he is entitled to compensation, the office is a lucrative office within the meaning of the Constitution. This, although it may be a narrow construction of the Constitution, must be regarded as settled. It then remains to be determined whether the office of school trustee of an incorporated town is charged with any duties under the laws of the State such as make the office a lucrative one within the meaning of the Constitution.

It has been held by this court that the office of township trustee, who is also school trustee, and the office of supervisor, are lucrative offices within the meaning of section 9, article 2, of the Constitution. *Creighton* v. *Piper*, 14 Ind. 182.

Our school system is one uniform system throughout the State, and the duty to provide for a general uniform system of common schools, wherein tuition shall be without charge and equally open to all, is specially enjoined upon the legislative department of the State by the Constitution. The legislative department could not discharge this duty unless all school officers were subject and amenable to the general laws of the State, and as said in *State, ex rel.*, v. *Haworth*, 122 Ind. 462: " Every school that has been established owes its existence to legislation ; and every school officer owes his authority to the statute."

Section 4439, R. S. 1881, provides for the election of three school trustees in each city and town, who shall constitute a board of trustees, one to be elected president, one treasurer,

and one secretary ; the treasurer and secretary are each required to give bond, to be approved by the county auditor ; and it provides that they shall receive compensation for their services, to be fixed by the common council, to be paid out of the special school revenue.

Section 4441, R. S. 1881, provides that they shall receive the special school revenue belonging to the town, and the revenue which may be apportioned to the town by the State, and shall pay out the same for the purpose for which such revenues were collected and appropriated, shall keep an account of the same, and render an account to the board of commissioners annually, and present vouchers for the amount expended.

They are also, by section 4450, R. S. 1881, required to report and furnish statistics to the county superintendent, and are charged with many other duties by law. They may be removed from office by the board of commissioners, and the president of the board is a member of the county board of education. Sections 4456 and 4436, R. S. 1881. They are also required to take enumeration of school children, and may transfer them from one town or township to another for school purposes. Sections 4472 and 4473, R. S. 1881. Indeed, they are officers whose duties are fixed by statute, though they are elected by the common council of the city or town, and their compensation is fixed by the common council. Such services, however, are designated and imposed upon them by statute, and their duties and liabilities are fixed by the statute, and we think the office is undoubtedly a lucrative one, and that it is as much an office within the meaning of section 9, article 2, of the Constitution, as any statutory office that may be created by statute within any township, town, or city. Since the commencement of this suit school trustees have been charged with other duties by the laws of 1889.

As regards the objection to the information on account of the omission to aver the name of the person rightfully enti-

tled to the office, as required by section 1134, *supra,* in an information against a person for usurping an office, the objection is not well taken ; this is not a proceeding against a person for usurping an office. It is a proceeding instituted under the second subdivision of section 1131, against the appellant for having done an act which, by the provisions of law, worked a forfeiture of the office; and it is provided by said section that in such a case the prosecuting attorney may proceed against him by information ; and it is only necessary to state such facts as show a forfeiture of the office. Where a person accepts an office held under the State, he vacates another held under the same sovereignty. *Foltz* v. *Kerlin,* 105 Ind. 221. The information is sufficient.

Our conclusion being in harmony with the ruling of the circuit court, it leads to an affirmance of the judgment.

Judgment affirmed, with costs.

Filed March 12, 1891.