## PIPECREEK SCHOOL TOWNSHIP *v.* HAWKINS.

### [No. 7,526. Filed March 7, 1912.]

1. TOWNSHIPS. — *Advisory Boards.* — *Minutes.* — *Statutes.* — Under §9590 Burns 1908, Acts 1899 p. 150, §1, providing that "the township advisory board shall elect one of its members secretary, who shall record the proceedings thereof * * * which shall be signed before the board adjourns," the minutes of a meeting held on January 30, and signed on January 31, are irregular. p. 597.

2. OFFICERS. — *Lucrative.* — *Township Advisory Boards.* — The office of member of a township advisory board is both public and lucrative. p. 597.

3. CONTRACTS. — *Void.* — *Public Policy.* — *Violating Criminal Law.* — *Township Advisory Boards.* — Under §2423 Burns 1908, Acts 1905 p. 584, §517, making it a crime for any person holding a lucrative public office to be interested in any contract in regard to which he exercises any official jurisdiction, any contract executed in violation of the provisions thereof is void as against public policy. p. 597.

4. TOWNSHIPS. — *Warrants.* — *Validity.* — *Minutes of Board.* — *Special Meetings.* — *Emergencies.* — Where a township advisory board met in special session on January 30, and its minutes dated January 31, recite: "Board met at call of trustee to make refunding orders given by old trustee, and audit orders. * * * One [order] to W. R. Hawkins for the sum of $1,000 due January 30, 1908," no emergency is shown, as required by §9595 Burns 1908, Acts 1901 p. 415, §1, authorizing the trustee to borrow money in case of an emergency, and the warrant issued under such authority is void. pp. 598, 600.

5. TOWNSHIPS. — *Advisory Boards.* — *Powers.* — *Notice.* — The powers of township advisory boards are statutory, and must be exercised in the manner prescribed; and persons who deal with such boards are chargeable with notice of the extent of the powers granted. p. 599.

From Madison Circuit Court; *Frank P. Foster*, Special Judge.

Action by William R. Hawkins against the Pipecreek School Township. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Orla A. Armfield, Herman F. Wilkie*, for appellant.
*Chipman, Keltner & Hendee*, for appellee.

Adams, J.—Action by appellee against appellant to recover on a township warrant for $1,000, dated January 30, 1903, given by D. C. Harrold, as trustee of appellant to appellee, payable out of the special school fund five years after date, with interest at the rate of six per cent per annum, payable semiannually, and with attorneys' fees. This order was duly audited by the advisory board on January 30, 1903, and the interest is shown to have been paid thereon semiannually up to July, 1906.

The payee of the warrant sued on, at the time it was issued and audited, was a member of the advisory board of Pipecreek Township. The meeting of the township advisory board on the day the warrant was issued was a special one, at which only an emergency loan could be authorized. Whether such a loan was authorized by the board must be determined from the record of the meeting, which is as follows:

"Elwood, Indiana, January 31, 1903.

Board met at call of trustee to make refunding orders given by old trustee, and audit orders. One order given J. F. Alvey as renewal for $601.03. Special due July 1, 1903. One to W. R. Hawkins for the sum of $1,000, due January 30, 1908. One for refunding $1,000 paid to Mr. Rosenthal, and due January 30, 1907.

John Alvey,
Wm. R. Hawkins."

It will be noted that the warrant is dated on January 30, and the minutes dated January 31. Appellee explains

this discrepancy by saying that the minutes were
1. written by the trustee subsequent to the date of the
meeting, and by inadvertence were dated January 31,
instead of January 30. Assuming that the evidence shows
this to be the fact, it is at least irregular, as it is provided
by §9590 Burns 1908, Acts 1899 p. 150, that the township
advisory board "shall elect one of its members secretary
for said board, who shall record the proceedings thereof
at any meeting, in full, under the direction of the board,
which shall be signed before the board adjourns."

The members of a township advisory board are public
officers, whose duties are prescribed by the laws of the State.
They are elected by the voters of the township, and
2. hold office for a definite term. If a vacancy occurs,
the remaining members of the board are authorized
to fill the vacancy for the unexpired term. Section 9594
Burns 1908, Acts 1899 p. 150, provides for the compensation
of the members of the board, and the office must, therefore,
be held to be a lucrative one. *State, ex rel.,* v. *Kirk* (1873),
44 Ind. 401, 405, 15 Am. Rep. 239; *Foltz* v. *Kerlin* (1886),
105 Ind. 221, 223, 55 Am. Rep. 197; *Chambers* v. *State, ex
rel.* (1891), 127 Ind. 365, 367, 11 L. R. A. 613.

Section 2423 Burns 1908, Acts 1905 p. 584, makes it a
criminal offense for any person holding a lucrative office
under the Constitution and laws of this State to be
3. interested directly or indirectly in, or who shall bargain
for or receive any percentage, drawback, premium
or profits or money whatever on, any contract where
the township is concerned. It is the settled law of Indiana
that where a statute makes it a crime for a public officer to
do a certain act, any contract made in violation thereof is
absolutely void, as against public policy. *Cheney* v. *Unroe*
(1906), 166 Ind. 550, 117 Am. St. 391; *McNay* v. *Town of
Lowell* (1908), 41 Ind. App. 627.

The record of the advisory board as herein set out is

the only authority for making the loan in controversy, and if this record does not comply with the statute, the 4. township warrant was issued without authority. §9595 Burns 1908, Acts 1901 p. 415, provides that "upon a special call of the township trustee or the chairman of the advisory board or a majority of the members of said board, given in writing to each member thereof, stating the time, place and purpose of the meeting, said board may, if a quorum be present, by consent of all the members present, determine whether an emergency exists for the expenditure of any sums not included in the existing estimates and levy. In the event that such an emergency is found to exist said board may authorize by special order entered and signed upon the record, the trustee to borrow a sum of money to be named sufficient to meet such emergency; and at the next annual session of the board a levy shall be made to the credit of the fund for which such expenditure is made to cover and pay the debt so created." It is further provided that "in no event shall a debt of the township be created except by the advisory board of such township, and in the manner herein specified." By §9601 Burns 1908, Acts 1899 p. 150, it is provided that "all contracts made in violation of this act shall be null and void."

No emergency is found and shown by the record, and there was no "special order entered and signed upon the record," authorizing the trustee to borrow money for any purpose.

In the case of *First Nat. Bank* v. *Van Buren School Tp.* (1911), 47 Ind. App. 79, this court said: "It is evident that the right to borrow money as provided in this section is dependent upon the finding of the board that an emergency exists; but it is urged by counsel for appellant that a finding of such emergency is not required to be set out in the record of the advisory board, for the reason that §9595 Burns 1908, Acts 1901 p. 415, only directs that the special order authorizing the loan be entered and signed upon the

record.  Considering that section alone, appellant's contention would seem to be well founded; but when considered in connection with §9590 Burns 1908, Acts 1899 p. 150, which declares that the secretary 'shall record the proceedings thereof at any meeting in full,' the position of counsel is not tenable.  The finding that an emergency exists is the important thing, and upon such finding the right to borrow money rests.  Much liberality ought to be shown in construing the records of a township advisory board as to matters of form and phraseology, but the entire omission from the record of a finding upon which the order is based is not a matter for construction.''

Again, it will be noted that the loan was made for a term of five years.  This was obviously not an emergency loan, as contemplated by the reform act, for it is expressly provided by §9595, *supra,* that where such a loan has been authorized, the board at the next annual session shall make a levy, to the credit of the fund for which such expenditure is made, to cover and pay the debt so created.  It is only where a school building is to be provided, and where the cost thereof will be in excess of the sum available therefor, that the board may, at a special meeting, authorize the trustee to issue township warrants or bonds to run for a period not exceeding five years.  There is no pretence that the warrant in suit was issued for any such purpose.  The powers of a township advisory board are the powers enumerated in the act

5.    creating the board, and such powers must be exercised in the manner prescribed by the act, and contracts made in violation thereof will be null and void.  §9601, *supra; Moss* v. *Sugar Ridge Tp.* (1903), 161 Ind. 417, 425; *Oppenheimer* v. *Greencastle School Tp.* (1905), 164 Ind. 99, 103.

Persons who deal with a township trustee are charged with notice of the extent of his authority, and this authority will not be enlarged by intendment or by any strained construction of the statute.  A void contract cannot be en-

forced, no matter what hardship it may work, or how strong the equities may appear. *First Nat. Bank* v. *Van Buren School Tp., supra.*

As the record of the advisory board does not show that any emergency existed for expending money not included in the existing estimates and levy, and as no special 4. order was entered and signed on the record authorizing the trustee to borrow any money, we must hold that the verdict of the jury was not sustained by sufficient evidence and was contrary to law. It follows that the court below erred in overruling appellant's motion for a new trial.

The judgment is therefore reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.