## CLARK SCHOOL TOWNSHIP v. HOME INSURANCE AND TRUST COMPANY.

[No. 2,527. Filed June 30, 1898.]

TOWNSHIP TRUSTEE.—*Contracting Debts Contrary to Law.*—Where a township trustee contracts a debt contrary to the provisions of sections 8081, 8082, Burns' R. S. 1894, and anything for which the trustee has the authority to expend money from the special school fund has, under the contract, been received and retained by the school township which is beneficial to such township, there may be a recovery against the township for the benefit so derived by it. *pp. 545, 546.*

SAME.—*Insurance of School Property.*—Under the provision of section 5920, Burns' R. S. 1894, placing upon a township trustee the duty of caring for and managing the school property belonging to the township, he has such implied authority, that in the exercise of his discretion, he may make reasonable expenditures from the special school revenue in procuring insurance on such property against fire. *pp. 546, 547.*

From the Perry Circuit Court. *Affirmed.*

*Sol. H. Esarey,* for appellant.

*Elbert M. Swan,* for appellee.

BLACK, J.—Appellee brought its action against appellant, Clark school township, of Perry county, Indiana, to recover the price of a policy insuring the school township for three years against loss by fire on twenty schoolhouses and school furniture, fixtures and apparatus therein, in said township, under the control, care and management of the trustee of said school township.

There were two paragraphs of complaint, the first, to recover the price at which the policy was issued, which was alleged to be its value; the second, setting forth a warrant for said price, certified therein to be

due from Clark township, payable out of the special school fund, for insurance on twenty schoolhouses, to an agent, named, of the appellee, which warrant was assigned by indorsement in writing by said agent to the appellee.   In each paragraph it was alleged that the appellant, by and through its trustee applied for the insurance to said agent; that thereupon the appellee issued the policy to the appellant, and delivered it to said trustee for the appellant; that since the policy was so issued it had been, and still was, a valid and subsisting insurance on said property of the appellant; that said insurance was useful, suitable and necessary for the benefit of the appellant, and was of the value stated as the price thereof; that it was delivered by the appellee to the appellant and accepted by the latter, which had ever since received and retained the benefit thereof.

There was an answer in two paragraphs, the first being the general denial.   A demurrer to the second paragraph of answer was sustained, and this ruling alone is assigned as error.   In this paragraph it was alleged, that at the time appellant incurred, or attempted to incur said debt, "the fund to which the same was chargeable was in debt in excess of the funds on hands and of the current year's levy, and that the defendant's trustee did not post the notices in the said township that he would ask the board of commissioners of Perry county, Indiana, for permission to incur said debt, nor did he ask the permission of the commissioners of said county, at any time, or for any purpose, to grant to said trustee any such privilege; but that he contracted said debt or pretended debt in express violation of the law of the State of Indiana."   The appellant by this answer sought to base its defense upon the statute by which it is provided, that "whenever it becomes necessary

for the trustee of any township in this State to incur, on behalf of his township, any debt or debts whose aggregate amount shall be in excess of the fund on hand to which such debt or debts are chargeable, and of the fund to be derived from the tax assessed against his township for the year in which such debt is to be incurred, such trustee shall first procure an order from the board of county commissioners of the county in which such township is situated, authorizing him to contract such indebtedness;" and "before the board of commissioners shall grant such order, the township trustee shall file, in the auditor's office of his county, a petition, setting forth therein the object for which such debt or debts are to be incurred and the approximate amount required, and shall make affidavit that he has caused notice to be given of the pendency of such petition, by posting notices, in not less than five public places in his township, at least twenty days prior to the first day of the session of said board." Sections 8081, 8082, Burns' R. S. 1894 (6006, 6007, Horner's R. S. 1897).

It has been settled that a township trustee has no power to bind his township by a contract in violation of these statutory provisions; but that when a trustee of a school township undertakes to bind the township by contracting a debt contrary to these provisions, and anything for which the trustee has authority to expend money from the special school fund has under his contract been received and retained by the school township which is beneficial to such township, there may be a recovery against the school township for the benefit so derived by it, the right to recover resting, not upon the contract, but upon the fact that the school township received and enjoyed the benefit of something suitable and necessary, which the trustee

would have had authority of law, as such, to procure for the benefit of the school township, with money of its special school fund in his hands, without contracting a debt therefor.  See *Boyd* v. *Black School Tp.*, 123 Ind. 1; *Boyd* v. *Mill Creek School Tp.*, 124 Ind. 193; *Killian* v. *State, ex rel.*, 15 Ind. App. 261; *Clinton School Tp.* v. *Lebanon Nat'l Bank*, 18 Ind. App. 42; *Helms* v. *State, ex rel.*, 19 Ind. App. 360; *Clark School Tp.* v. *Grossius, ante* 322.

We need not determine whether a violation of the statutory restriction was sufficiently stated in the answer, if the complaint showed a good cause of action.  The demurrer searched the complaint, and a bad answer would be good enough for a bad complaint.

If the trustee of the school township had authority to expend money from the special school fund for insurance, it must be expressed or implied in the statutes; for he is a special public agent, with restricted statutory authority.  It is provided that the trustees of the several townships, etc., shall have power to levy a special tax in their respective townships, etc., "for the construction, renting or repairing of schoolhouses, for providing furniture, school apparatus and fuel therefor, and for the payment of other necessary expenses of the school, except tuition," etc., and that the income from said tax shall be denominated the special school revenue.  Section 5953, Burns' R. S. 1894 (4467, Horner's R. S. 1897).

It is also provided, that the trustees shall take charge of the educational affairs of their respective townships, etc., and build or otherwise provide suitable houses, furniture, apparatus and other articles of educational appliances necessary for the thorough organization and efficient management of said schools, and that they "shall have the care and management

St. Louis, Indianapolis and Eastern R. R. Co. v. Ridge, Admx.

of all property, real and personal, belonging to their respective corporations for common school purposes, except the congressional school lands," etc. Section 5920, Burns' R. S. 1894 (4444, Horner's R. S. 1897). If the trustee has authority to purchase insurance against loss by fire, it is derived, we apprehend, under these statutes. In *Jackson Township* v. *Home Ins. Co.*, 54 Ind. 184, it was held that the trustee of a township could not render the civil township liable in an action against it by his contract which purported to be his promise as trustee of the township to pay for insurance on schoolhouses of the township, the action not being against the school township and the contract not purporting to be made by or on behalf of the school township. It was said that the township had no power to make a contract for the building of a schoolhouse, and that if it had not such power, it required no argument to show that it had no power unless specially conferred, to insure a schoolhouse. The case did not require a decision upon the question whether a school township might so contract through its trustee.

We are of the opinion that, under the statutory provisions placing upon the trustee the duty of caring for and managing the school property, he has such implied authority, that, in the exercise of his discretion, he may make reasonable expenditures from the special school revenue by way of procuring insurance on such property against fire. The judgment is affirmed.