THE F. C. AUSTIN MANUFACTURING COMPANY v. SMITHFIELD TOWNSHIP.

[No. 2,611. Filed February 21, 1899.]

APPEAL AND ERROR.—*Special Finding.*—*Exception.*—An exception to to the conclusion of law on the facts found in a special finding admits that the facts were correctly found. *pp. 610, 611.*

TOWNSHIP TRUSTEES. — *Supplies Purchased in Violation of Law.*— *Road Graders.*—Where the amount of an order for road graders furnished a township exceeded the fund on hand to which the debt was chargeable, and that to be derived from the tax assessed against the township for the year in which the debt was incurred, and no order was obtained from the board of county commissioners authorizing the trustee to contract such indebtedness as provided by section 8081, Burns' R. S. 1894, a recovery cannot be had thereon although the supplies were received and used by the township, and no offer was made to return same. *pp. 611, 612.*

SAME.—*Supplies.*—*Must be Reasonable and Necessary.*—There can be no recovery from a township for supplies purchased by the trustee unless the articles purchased are suitable and reasonably necessary. *p. 612.*

SAME.—*Supplies.*—*Knowledge of Vendor.*—A person who sells supplies to a township trustee is chargeable with knowledge of the necessity and suitableness thereof, and acquires no rights against the township under a contract, in violation of law, to which he was a party. *pp. 612, 613.*

From the DeKalb Circuit Court. *Affirmed.*

*F. L. Welsheimer* and *John F. Shuman,* for appellant.

*J. E. Rose* and *J. H. Rose,* for appellee.

COMSTOCK, J.—The complaint in this cause alleges that the appellant is the holder of a promissory note and township order issued on the 15th day of May, 1894, by one James O. Blake, the then trustee of appellant township, to one Alfred Kelly, and indorsed by said Kelly to one B. L. Blair, and by said Blair to appellant; that the note and township order is in the sum of $150 and is one of a series, and was given in

VOL. 21—39

part payment for two Austin Road Graders, the full purchase price of which was $425; that said graders were necessary, suitable, and useful for the benefit of the public highways of appellee township; that the graders were taken possession of by said appellee, and by it used for the benefit of its highways; that they were reasonably worth the sum of $425; that said note was due and unpaid; that payment had been demanded and was refused, etc.

Appellee answered in five paragraphs; the first being a general denial; the second alleges that there was no consideration for the order; the third, that the purchase of the graders was wholly unnecessary; the fourth, that the purchase price was in excess of the real value of the graders; the fifth, that, at the time of the purchase of said machines and the execution of said order, the warrant sued on created a debt against the funds of the township out of which the same was payable in excess of the funds on hand, and of the funds to be derived from taxes assessed against said township for the year in which said debt was incurred, and that the appellee's trustee did not procure an order from the board of commissioners of the county authorizing him to contract the debt,—the defense set up in this paragraph of the answer being predicated upon sections 8081, 8082, Burns' R. S. 1894 (6006, 6007, Horner's R. S. 1897).

Appellant replied by general denial. The cause was submitted to the court without the intervention of a jury, and, upon request of appellee, a special finding of facts was made, and conclusions of law stated thereon. Appellant excepted to the conclusions of law, and moved for a new trial, and for judgment in its favor on the special findings. Both motions were overruled and judgment rendered in favor of appellee for costs.

The specifications of the assignment of errors are that the court erred (1) in its findings of facts; (2) in its conclusions of law on the findings; (3) in overruling appellant's motion for a new trial; (4) in overruling appellant's motion for judgment on the special finding; (5) in sustaining appellee's motion for judgment on the findings. As to the first specification, it is only necessary to say that the exception to the conclusion of law concedes that the facts are correctly found. The following is a fair summary of the facts found: On May 15, 1894, James O. Blake, being the duly elected and acting trustee of appellee township, purchased of appellant's agents two road graders, and executed the order in suit in part payment for the same. The graders were suitable, were reasonably worth the price agreed to be paid; said "trustee believed and considered that they were reasonably necessary for the use of appellee;" they were not needed, appellee having other and sufficient graders in said township to do all the road work of appellee; and, "had said trustee exercised reasonable care, or had he made reasonable inquiry and investigation, he would have known that it was not necessary to purchase the same;" they were received by him for the township, and used on its highways, from May, 1894, the date of the purchase, until the spring of 1896, at which time the then trustee (the successor of said Blake), notified appellant that the order in suit would not be paid, from which date the machines had not been used. Appellee has never returned, or offered to return, them. The total amount of the order issued in payment of said graders exceeded the amount which the trustee was authorized to issue, and said trustee did not procure an order from the board of commissioners of said county authorizing him to incur said indebtedness and the exe-

cution of said orders. The order sued on is due and unpaid, and Kelly acted as the agent of appellant in selling said graders and accepting said orders. Under section 6839, Burns' R. S. 1894 (5089, Horner's R. S. 1897), township trustees are directed to provide tools and implements, with available funds, as may be necessary for road districts. But it is the law of this State that a township trustee has no power to bind the township by contracting a debt in excess of the fund on hand to which the debt is chargeable, and of the fund to be derived from the tax assessed against his township for the year for which such debt is to be incurred, without first obtaining an order from the board of county commissioners, as provided in said sections 6006 and 6007, *supra.*

The authorities in this State are uniform that there can be no recovery from the township for supplies furnished unless the articles purchased are suitable and reasonably necessary, and are actually delivered to and accepted by the township. The authorities holding that the authority of a township trustee is wholly statutory, and that it is the duty of those dealing with him to ascertain his authority, are so numerous and familiar that we need not cite them. The court found that the graders in suit were not needed, that by reasonable diligence this fact would have been known to the trustee, and that they were purchased in violation of law. Under the decisions, the vendor was chargeable with knowledge of these facts. Appellant's counsel contends, earnestly and plausibly, that the question of necessity was not in issue, such question being for the determination of the trustee alone; and cites, in support of this proposition, *Johnson School Tp.* v. *Citizens' Bank, etc.*, 81 Ind. 515; *Boyd* v. *Mill Creek School Tp.*, 114 Ind. 210. In both of these cases the court held, upon the facts presented, that

the necessity for the purchase of the school furniture in question was properly determined by the trustee. The question of the purchase in direct violation of the section of the statute heretofore referred to was not involved, and they do not therefore apply to the case under consideration. We think the proposition that a township trustee may purchase supplies that are suitable for use by the township, in violation of law, and that his judgment shall conclusively determine the question of the necessity for such purchase, is an unreasonable one; especially, when, as in the case under consideration, the trustee could have readily learned that the machines were not needed. Such power given to a trustee would enable him to nullify the sections of the statute that are found by the court to have been violated. When he acts in good faith, within the scope of his duties, and not in violation of law, the need of school furniture and tools for working the public roads in his township is properly a matter for his determination.

.The fact that the township received and used, and have not returned nor offered to return, the graders, and that they are valuable, cannot avail appellant, as against the township. The vendor was a party to the violation of law, and could acquire no rights, as against the township, through such violation. The law leaves a party, under such circumstances, where he places himself. *Terre Haute, etc., Co.* v. *Hartman,* 19 Ind. App. 596; *Wrought Iron, etc., Co.* v. *Board, etc.,* 19 Ind. App. 672, will be found instructive upon the questions here presented. We find no error. Judgment affirmed.