OPPENHEIMER *v.* JACKSON SCHOOL TOWNSHIP ET AL.

[No. 2,778.   Filed June 14, 1899.]

TOWNSHIP TRUSTEE.—*Debts Contracted Contrary to Law.*—A township trustee has no power to bind his township by contracting a debt in excess of the fund on hand to which such debt is chargeable, in violation of sections 8081, 8082 Burns 1894; but when the trustee undertakes to bind the township by contracting a debt contrary to the provisions of said statute, and anything for which the trustee has authority to expend money from the special school fund has, under his contract, been received and retained by the school township, there may be a recovery against the township for the benefit so derived by it.

From the DeKalb Circuit Court.   *Reversed.*

*Milton Kraus,* for appellant.

*J. E. Rose* and *J. H. Rose,* for appellees.

BLACK, J.—The complaint of the appellant in two paragraphs sought a recovery from Jackson School Township of DeKalb county for certain school desks and seats furnished to the school township by the United States School Furniture Company. The first paragraph was founded upon a written certificate executed by the trustee of the school township to said company, and by it assigned by written indorsement to the appellant. The second paragraph was upon an account assigned in writing by said company to the appellant.

The only question presented here is upon the action of the court in overruling the appellant's demurrer to the answer of the school township directed to both paragraphs of the complaint.

The answer was based upon failure of the trustee to comply with the provisions of sections 8081, 8082 Burns 1894, sections 6006, 6007 Horner 1897, relating to the incurring of

debts in excess of the fund on hand to which such debts are chargeable and of the fund to be derived from the tax assessed for the year.

In the first paragraph of the complaint the value of the desks and seats was not stated. In that paragraph the appellant sued upon the contract as the assignee thereof by indorsement in writing, and not for the recovery of the value of property suitable and necessary for the use of the school, accepted, retained, and used by the school township. The contract, as shown by the answer, having been made in violation of the statute, there could be no recovery upon it, and therefore we think the answer showed a sufficient defense to the first paragraph of the complaint. *Boyd* v. *Black School Tp.*, 123 Ind. 1; *Boyd* v. *Mill Creek School Tp.*, 124 Ind. 193; *Austin Mfg. Co.* v. *Smithfield Tp.*, 21 Ind. App. 609.

In the second paragraph of the complaint the school furniture company was made a party defendant, and it was shown that the schoolhouse for which the desks and seats were furnished was wholly without seats and desks, or any other suitable furniture, and, until such seats and desks were furnished and placed in the house, no school could be held therein, and the school children of the district would be deprived of facilities for attending school in the district. It was further shown that said company furnished the furniture in question to the duly elected, qualified, and acting trustee of the school township, for the use of said school township, and to be used in the proper and necessary furnishing of said schoolhouse thus without seats, etc., so that a public school could be held therein; that said furniture was necessary and suitable for the use of said school district, township, and house, and for the use of the pupils in attending public school therein, and was received and accepted for such use by said township, and by said school township and district, and was placed in said schoolhouse, where it had ever since been used and was still used by said township in its public schools. It was alleged that at the time the furniture

was so furnished it was reasonably worth $150. This paragraph showed the assignment and transfer of the account and claim of said company to the appellant.

In *Clark School Tp.* v. *Home Ins., etc., Co.*, 20 Ind. App. 543, we held, upon the authorities there cited, that it is settled that a township trustee has no power to bind his township by a contract in violation of the statutory provisions above referred to; but that when a trustee of a school township undertakes to bind the township, by contracting a debt contrary to these provisions, and anything for which the trustee has authority to expend money from the special school fund has, under his contract, been received and retained by the school township which is beneficial to such township, there may be a recovery against the school township for the benefit so derived by it. The right to recover resting, not upon the contract, but upon the fact that the school township received and enjoyed the benefit of something suitable and necessary, which the trustee would have had authority of law as such to procure for the benefit of the school township with money of its special school fund in his hands, and without contracting a debt therefor.

Adhering to the opinion so expressed in the case last mentioned, we must regard the answer as not stating a sufficient defense to the second paragraph of complaint. The judgment is reversed, and the cause is remanded with instructions to sustain the demurrer to the answer.