## First National Bank *v.* Van Buren School Township of Daviess County.

[No. 7,138. Filed February 2, 1911.]

1. Townships.—*Advisory Boards.—Records.—Notice.*—The records of township advisory boards are public and must contain full accounts of the proceedings of such boards (§9590 Burns 1908, Acts 1899 p. 150, §1). p. 83.

2. Townships.—*Borrowing Money. — Emergencies. —* The lawful borrowing of money by a township to meet an emergency depends upon a finding and entering of record by the advisory board of the fact that such emergency exists. p. 83.

3. Townships.—*Loans.—Emergencies.—Record. — Signing. —* An emergency loan cannot lawfully be made until an emergency is entered of record, and the record is actually signed. p. 84.

4. Statutes.—*"Emergency."—Townships.*—The word "emergency," as used in §9595 Burns 1908, Acts 1901 p. 415, §1, providing that the members of township advisory boards may "determine whether an emergency exists for the expenditure of any sums not included in the existing estimates and levy," imports an un-

foreseen occurrence or combination. of circumstances which calls for immediate action or remedy.  p. 85.

5.  TOWNSHIPS.—*Loans.*—*Emergency.*—*Tuition.*—Where it is shown that a township had $919.03 in its tuition fund on January 4, and that during such month its second distribution would be received, no emergency for the borrowing of tuition money is shown, especially where an emergency meeting of the advisory board could be called at any time.  p. 85.

6.  SUBROGATION.—*Township Creditors.*—*Unlawful Loans.*—A person who lends money to a township on a pretended emergency order of the advisory board, where no emergency exists, is not subrogated to the rights of the persons to whom the money is paid.  p. 86.

7.  TOWNSHIPS.—*Loans.*—*Statutes.*—*Action.* — A township trustee who desires to bind his township in the borrowing of money must proceed in the statutory manner; and no action lies against a township on the *quantum meruit.*  p. 86.

8.  CONTRACTS.—*Township Advisory Boards.*—*Notice.* — Contracts made by township advisory boards, or township trustees, in violation of the law, are void, and those dealing with such boards, or such trustees, are required to take notice of their powers.  p. 86.

From Daviess Circuit Court; *Hileary Q. Houghton,* Judge.

Action by the First National Bank of Loogootee, Indiana, against Van Buren School Township of Daviess County. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*A. J. Padgett* and *Alvin Padgett,* for appellant.

*E. T. Laughlin, Mattingly & Myers* and *Hastings, Allen & Hastings,* for appellee.

ADAMS, J.—Action by appellant against appellee on a township warrant in the words and figures following:

"State of Indiana, Daviess County.

Trustee's Office Van Buren Township.

This is to certify that there is due from this township to the First National Bank of Loogootee, Indiana, or order, $400 for money received for Van Buren township, to be paid out of the tuition funds with six per cent per annum from January 1, 1907, payable at the First Na-

tional Bank at Loogootee, Indiana, on or before the 1st
day of January, 1908........No..............
                         Hiram Sims, Township Trustee.
   Given by authority of the advisory board this 1st day of
January, 1907.          James Evans, President.
                        James Trueblood, Secretary.
                        Albert Singleton.''

The complaint was in one paragraph, to which a demur-
rer was overruled, and the cause was put at issue by an
answer of general denial. Upon request the court made a
special finding of facts and stated its conclusion of law
thereon.

Said finding discloses that on January 1, 1907, the mem-
bers of the advisory board of Van Buren school township,
elected in November, 1906, went to the home of the trustee
for the purpose of organizing said board and for the pur-
pose of examining the annual report of the trustee; that
no meeting was had on said date, but by agreement they
were to return on January 4, 1907, and organize; that no
record of such agreement was made; that on said January
4 all the members of said advisory board did meet at the
home of the trustee for the purpose of organizing, and for
the purpose of examining the financial report of said trus-
tee for the year 1906; that said board on said date met
and organized by the election of James Evans president
and James Trueblood secretary; that no notice of said
meeting was ever given; that at said meeting the trustee
orally reported to said board that he did not have suffi-
cient funds to pay the teachers of the township for their
services as they become due during the remainder of the
school year, and that such teachers would have to wait for
their pay for their said services until he should make the
June, 1907, draw for funds from the county treasurer, un-
less said board authorized him, as such trustee, to borrow
$800 for the tuition fund with which to pay said teachers
as their wages became due; that the advisory board relied

upon the statement of the trustee, and having no information to the contrary, believed that an emergency existed requiring said trustee to borrow said $800 in order to carry on the township schools for the remainder of the school year, and did verbally authorize said trustee to borrow $800 for said purpose; that the only entry made in the record of the advisory board relating to said loan was as follows: "The trustee then asked the privilege of borrowing $800, $400 to be paid January 1, 1908, and $400 to be paid January 1, 1909, at six per cent interest, which was granted."

It is also found that the record of the meeting of January 4, 1907, was not signed by all of the members of the advisory board on that date, but was signed by all of the members of said board on January 11, 1907; that the warrant sued on, bearing date of January 1, 1907, was not signed by the trustee and members of the advisory board until January 4, 1907, and was not delivered to appellant and the money received thereon until January 8, 1907; that on January 4, 1907, the trustee of appellee township had in his hands belonging to the tuition fund of said township the sum of $919.03, and that he received from the treasurer of said county on January 27, 1907, tuition funds for said township in the sum of $1,227.27; that he had paid the teachers of said township from the beginning of the school term to January 4, 1907, $155.00; that the sum of $3,211.74 of tuition money was required to pay the teachers of said township for the school year ending March, 1907, and that the school term, on January 4, 1907, was half over; that out of the $800 so borrowed said trustee paid the sum of $496.75 to the school teachers of said township, but that no payment was made to said teachers between January 1 and 27, 1907, and that thereafter said trustee used the remainder of said money for other purposes than tuition, without the knowledge or consent of appellant; that appellant did not examine the records of the advisory board,

First Nat. Bank *v.* Van Buren School Tp.—47 Ind. App. 79.

the records kept by the trustee, nor the records in the auditor's office in Daviess county pertaining to the tuition fund in said county, but relied wholly upon the statement made by said trustee and the signed statement of said advisory board on said warrants, and at the time believed the representations so made to be true.

Upon the finding of facts the court stated as its conclusion of law "that plaintiff is not entitled to recover on the warrant sued on, and that defendant is entitled to a judgment for its costs."

To this conclusion of law appellant at the time objected and excepted, and has assigned said conclusion of law as error in this court.

The act creating the township advisory board defines its powers and duties, and provides that "such board shall keep a record of their proceedings in a separate book to be furnished by such trustee, and kept as a part of the records of the township, to be known as the record of the advisory board of such township, and to remain in the custody of the chairman of such board. Said board shall elect one of its members secretary for said board, who shall record the proceedings thereof at any meeting, in full, under the direction of the board, which shall be signed before the board adjourns." §9590 Burns 1908, Acts 1899 p. 150, §1.

1. It will be observed that the record of the advisory board is a public record, and that the proceedings of the board are required to be set out therein in full. This record is open to inspection to all persons doing business with the township.

2. The borrowing of money to meet an emergency, not included in the existing estimates and levy, must be authorized by the advisory board, and entered upon the record. The statute (§9595 Burns 1908, Acts 1901 p. 415, §1) provides: "Upon a special call of the township trustee or the chairman of the advisory board or a majority of the members of said board, given in writing

to each member thereof, stating the time, place and purpose of the meeting, said board may, if a quorum be present, by consent of all the members present, determine whether an emergency exists for the expenditure of any sums not included in the existing estimates and levy. In the event that such emergency is found to exist said board may authorize by special order entered and signed upon the record, the trustee to borrow a sum of money to be named sufficient to meet such emergency."

It is evident that the right to borrow money as provided in this section is dependent upon the finding of the board that an emergency exists. But it is urged by counsel for appellant that a finding of such emergency is not required to be set out in the record of the advisory board, for the reason that §9595, *supra,* directs that only the special order authorizing the loan is to be entered and signed upon the record.

Considering this section alone, appellant's contention would seem to be well founded, but when considered in connection with §9590, *supra,* which declares that the secretary "shall record the proceedings thereof at any meeting, in full," the position of counsel is not tenable.

The finding that an emergency exists is the important thing, and upon such finding the right to borrow money rests. Much liberality ought to be given in construing the records of a township advisory board as to matters of form and phraseology, but the entire omission from the record of a finding upon which the order is based is not a matter for construction.

The findings of the court show that the order was not made until four days after the date of the warrant sued on, and that the record was not signed by the advisory board until three days after the money was secured. If, at the time of accepting the warrant and paying the money, appellant had examined the record

of the advisory board, it would have shown no signed order of any kind authorizing the loan.

Appellant insists that the findings show an emergency indebtedness, in that it is found that the tuition fund was insufficient to pay the teachers of the township for the school term ending March, 1907, and that the deficiency would be in a sum in excess of the amount of the loan authorized. This requires an examination of the word "emergency," as used in this act. Webster defines "emergency" as "an unforeseen occurrence or combination of circumstances which calls for immediate action or remedy." The word is considered synonymous with "pressing necessity; exigency."

The facts found show that on January 4, 1907, there was in the tuition fund for appellee township the sum of $919.03; that on January 27, following, the township received from the county treasurer for the tuition fund the further sum of $1,227.27; that no payments were made to teachers between January 24 and January 27. Conceding that an emergency would arise at or before the school term ended, the facts did not show an emergency on January 4. There was no call for "immediate action," and there was no "pressing necessity" at that time. Indeed, the statute §9590, *supra,* expressly provides that "any existing indebtedness need not be paid until due."

If the meeting of the advisory board at which the loan was authorized had been the only meeting that could be lawfully held before the time for the final settlement with the teachers of the township, a more liberal interpretation of the word would be justified. But the legislature has provided (§9595, *supra*) that a special meeting of the advisory board may be called by the trustee, the chairman of the advisory board, or a majority of the members of the board at any time, and at such meeting only matters aris-

ing out of an emergency can be considered. *Lincoln School Tp.* v. *Union Trust Co.* (1905), 36 Ind. App. 113.

Counsel for appellant argue that in this case no new debt was created, but a change was made only in the creditor; that the township received the money and paid it out in the discharge of valid obligations; and that therefore appellant ought to be subrogated to the rights of the teachers to whom the township was indebted, and who were paid with appellant's money. This would ordinarily be true in a case otherwise made out. But in this case the court found no facts from which a conclusion would follow or an inference arise that the tuition fund was on January 4 insufficient to meet all demands then due and payable out of said fund. It cannot be said that the money borrowed from appellant was paid on a valid indebtedness then owing, and therefore the equitable doctrine of subrogation would not apply. *Union School Tp.* v. *First Nat. Bank* (1885), 102 Ind. 464; *Clinton School Tp.* v. *Lebanon Nat. Bank* (1897), 18 Ind. App. 42; *Indiana Trust Co.* v. *Jefferson Tp.* (1906), 37 Ind. App. 424.

The trustee who seeks to bind his township must proceed in the manner provided by statute and within the powers given by statute. Otherwise his contracts are void, and no subsequent act can estop the township from setting up their invalidity. Nor can an action now be maintained against a township on a *quantum meruit.* *Peck-Williamson, etc., Co.* v. *Steen School Tp.* (1903), 30 Ind. App. 637; *Clinton School Tp.* v. *Lebanon Nat. Bank, supra; Lee* v. *York School Tp.* (1904), 163 Ind. 339.

The powers of a township advisory board are the powers enumerated in the act creating the board, and its powers must be exercised in the manner prescribed, or the contracts, made in violation of the act, will, by the terms of the act, be null and void. §9601 Burns 1908, Acts 1899 p. 150, §11; *Moss* v. *Sugar Ridge*

*Tp.* (1903), 161 Ind. 417; *Oppenheimer* v. *Greencastle School Tp.* (1905), 164 Ind. 99; *Platter* v. *Board, etc.* (1885), 103 Ind. 360.

It is well settled in this State that those who deal with a township trustee are charged with notice of the extent of his authority, and this authority will not be enlarged by intendment or by any strained construction of the statute. A void contract cannot be enforced, no matter what hardship it may work or how strong the equities may appear. There was no error in the conclusion of law stated by the court on the facts found.

Judgment affirmed.