THE MERCHANTS NATIONAL BANK OF MUNCIE *v.*
DELAWARE.SCHOOL TOWNSHIP OF
DELAWARE COUNTY.

[No. 22,846.   Filed December 12, 1916.]

1.   TRIAL.—*Special Findings.—Insufficiency.—Venire de Novo.*—A
     *venire de novo* should not be awarded for failure of the trial court to
     find specially on all matters in issue, nor does such failure constitute
     reversible error.   p. 663.
2.   SCHOOLS AND SCHOOL DISTRICTS.—*Action on School Township
     Warrant.—Attorney's Fees.*—In an action against a school township
     on a warrant, a denial of an award of attorney's fees while rendering
     judgment for the plaintiff for the principal and interest was proper.
     p. 663.
3.   APPEAL.—*Immaterial Question.—Conclusion of Law.—Sufficiency
     to Sustain Judgment.*—Where there is a conclusion of law which
     furnishes a sufficient basis for the judgment rendered, whether
     another conclusion of law is a mere finding of fact, and should be
     disregarded, is immaterial.   p. 663.
4.   SCHOOLS AND SCHOOL DISTRICTS.—*Warrants of School Township.
     —Curative Act.—Constitutionality.*—The Act of 1911 (Acts 1911
     p. 66) legalizing and making valid the actions, obligations and
     agreements of township trustees and advisory boards, and the
     debts and warrants issued by such trustees in good faith in payment
     therefor, and authorizing payment thereof, properly construed,
     is constitutional.   p. 663.
5.   STATUTES.—*Construction.—Acts in Pari Materia.*—Other curative
     acts, germane to the subject-matter of the Act of 1911 (Acts 1911
     p. 66), passed by the same assembly, are properly considered in its
     construction.   p. 666.
6.   STATUTES.—*Construction.—History of the Law on Subject.*—In
     ascertaining legislative intent it is proper to consider the history
     of the law, both statutory and as judicially declared, on the particu-
     lar subject under consideration.   p. 667.
7.   SCHOOLS AND SCHOOL DISTRICTS.—*Legal zing Township War-
     rants.—Liability.—Statute.*—The Act of 1911 (Acts 1911 p. 66)
     legalizing and making valid the actions, obligations and agreements
     of township trustees and advisory boards, and the debts and war-

rants issued by such trustees in good faith in payment therefor, and to authorize the payment thereof, does not invest township warrants with any of the attributes of commercial paper and does not furnish relief to one loaning money to a school township except where there was a necessity for borrowing and the school corporation actually received and used the proceeds of the loan, and a school township is not liable on warrants issued by the trustee, without lawful authority, to borrow money to supply a deficit in the school funds caused by his former appropriation of portions thereof to the use of a partnership composed of himself and one of the members of the advisory board. pp. 667, 669.

8. STATUTES.—*Construction.*—*Curative Acts.*—Curative acts, such as those legalizing township warrants wrongfully issued, are strictly construed, where their provisions would work other than just and equitable results. p. 668.

9. SCHOOLS AND SCHOOL DISTRICTS.—*Action on Warrants.*—*Compliance with Curative Statute.*—*Burden of Proof.*—In an action on warrants issued by a township trustee for loans and claimed by plaintiff to have been legalized by the Acts of 1911 p. 66, validating warrants issued by township trustees in good faith, the burden was on the plaintiff to show, as essential to a recovery, that the loans were honestly procured, that there was a real necessity therefor, and that the school township received the benefit thereof. p. 668.

10. APPEAL.—*Review.*—*Transcript.*—*Absence of Cross-Errors.*— *Consideration of Brief.*—Where the transcript on appeal contains no assignment of cross-errors, no question attempted to be presented by appellee's brief on its alleged assignment of cross-errors will be considered. p. 669.

From Delaware Circuit Court; *James J. Moran*, Special Judge.

Action by The Merchants National Bank of Muncie, against Delaware School Township, of Delaware county. From a judgment in part for plaintiff and in part for defendant, the plaintiff appeals. *Affirmed.*

*Thompson & Sprague* and *Warner & Warner*, for appellant.

*F. A. Shaw*, for appellee.

MORRIS, J.—This was an action by appellant against appellee on three notes or warrants for $3,000, $2,500, and $2,116.70, respectively, executed by the trustee of the school township. Each warrant

provided for the payment of attorney's fees. Appellee filed answers of general denial, no consideration, and *non est factum.* There was a trial by the court with special findings and judgment for appellant on the $3,000 warrant, and for appellee on the paragraphs of complaint demanding judgment on the other two. Jurisdiction of the appeal is in this court because a constitutional question is presented. Error is assigned here on the overruling of appellant's motions for a *venire de novo* and for a new trial, and on the court's conclusions of law numbered 2, 4 and 6.

The first paragraph of complaint, based on the $2,500 warrant, alleges, among other things, that on October 20, 1908, appellant loaned appellee the sum of $2,500 for school purposes, to pay school teachers, for building and repairing school houses, to pay for school supplies and fuel, and for hauling children to school; that the money loaned was used for the benefit of appellee and its special school fund; that the note in suit was executed by the school trustee for the loan; that the money was borrowed in good faith, and used for the legitimate purposes of the school township, the special fund of which received all the proceeds of the loan; that the money was borrowed with the advice and written consent of the township advisory board. The second and third paragraphs of complaint are based on the other two notes respectively and are otherwise identical with the first. The $3,000 obligation was executed November 10, 1908, and the $2,116.70 note was executed December 24, 1908. The fourth, fifth and sixth paragraphs declare on the $2,500, $3,000 and $2,116.70 warrants, respectively, in language differing slightly from that found in the first, second and third paragraphs.

It is shown by the special findings that Walter

E. Pixley was trustee of Delaware township, in Delaware county, from June 30, 1904, to January 1, 1909; that from January 1, 1905, to January 14, 1908, the trustee commingled the township and school township funds with his own and deposited the same in a local bank in his individual name, and checked against the commingled fund for both private and official purposes; that during this time Pixley was engaged in stock buying and other business; that after January 14, 1908, the trustee deposited the school funds to his credit as school trustee.

The fourteenth finding is as follows: "that on the 20th day of October, 1908, Walter E. Pixley, trustee of Delaware township, delivered to the plaintiff the following instrument in writing:

" 'Albany, Indiana, October 20, 1908.
The Advisory Board met in extra session at the Trustee's office with W. E. Pixley for the purpose of getting a loan of special school money. The Board all being present the trustee was advised to get a loan of twenty-five hundred dollars ($2,500.)   There being no further business the Board adjourned.
Signed, William H. Black, Pres.
H. A. Wolverton, Sec.' "

That said instrument was upon a loose sheet of paper and that at the time of its delivery it had not been entered of record in the advisory board record of said Delaware school township, but long after the making of said loan the same was copied into such record.   It is further found that on the same day appellant loaned the trustee, as such, the sum of $2,500, and received a note for such amount, which is in suit here.   As to the use made of the proceeds of this loan the court finds: "But no part of said money so received in consideration of the

execution of said instrument was used in the cancel-
ing or discharging of any obligation of said Dela-
ware school or civil township, nor to purchase
any property of any character or kind for either the
civil or school township of Delaware."

The findings relating to the $2,116.70 note are
the same as above set out in reference to the $2,500
note. It is further found that at the time the money
was borrowed on each of the two "notes there in
fact existed no necessity or emergency for the bor-
rowing of said money, or any part thereof, for the
Delaware school or civil township"; that the
money was "not borrowed in good faith for the
benefit of the school township * * * or the
special school fund thereof, nor for any other town-
ship purpose; nor did either the civil or school
township of Delaware receive any consideration
whatsoever for the money so borrowed or any part
thereof; nor was said money or any part or portion
thereof used or expended for school or other town-
ship purposes; nor did the civil or school township,
or either of them ever at any time receive any
benefit whatsoever from said money so borrowed
or any part thereof." It is found that the amount
of money represented by each of the three warrants
was received by the trustee and deposited to the
credit of the proper township. A finding was made
as to the value of plaintiff's attorneys' fees. The
court's second conclusion of law was: "The court
finds the law is with the defendant as to the obli-
gations sued on, in the first, third, fourth and sixth
paragraphs of complaint." (On the $2,500 and
$2,116.70 obligations.) The fourth conclusion reads
thus: "That at the time of the borrowing of the
money as evidenced by the obligation sued upon in
the first, third, fourth and sixth paragraphs of com-
plaint, no necessity existed for the borrowing of

the same and that the same was not borrowed in good faith, nor did the school or civil township of Delaware receive any consideration whatsoever for the money borrowed. The first, third and fifth conclusions deal with the $3,000 warrant and states, in substance, that appellant is entitled to recover the principal thereof and interest thereon. The sixth conclusion states that appellant is not entitled to recover for attorneys' fees.

There was no error in overruling appellant's motion for a *venire de novo*. It is claimed that there was no finding on certain issues; if so, such fact would

1. not constitute reversible error. *Knight* v. *Kerfoot* (1915), 184 Ind. 31, 110 N. E. 206. In other respects the findings are sufficient as

2. against the objections urged. The sixth conclusion is assailed for the denial of the right to recover attorneys' fees on the $3,000 "note," while awarding a recovery for principal and interest of the obligation. Such right was denied in *Snoddy* v. *Wabash School Tp., etc.* (1897), 17 Ind. App. 284, 46 N. E. 588. That case has not been doubted, and we perceive no sufficient reason for overruling it. See, also, *Springfield Fire & Marine Ins. Co.* v. *Fields* (1916), *ante* 230, 113 N. E. 756.

It is claimed that the fourth conclusion of law is in truth a mere finding of fact and should be disregarded. It is unnecessary to consider this

3. question. If such conclusion be disregarded the second furnishes a sufficient basis for the judgment rendered against appellant. *Knight* v. *Kerfoot, supra.*

Appellant's action on each obligation is predicated on the validity of the curative act of 1911. Acts 1911 p. 66. Appellee contends that the act

4. is invalid for lack of constitutional power by the legislature. The title, preamble and §1 of the act, read as follows: "An act to legalize and

make valid the actions, obligations and agreements of township trustees and advisory boards, and the debts and warrants issued by such trustees in good faith in payment therefor, and to authorize the payment thereof, and declaring an emergency. (H. 239. Approved February 25, 1911.)

"Whereas, Certain warrants have been issued by township trustees in good faith and for full value received for proper road, school and other township purposes; and, Whereas, Said warrants and their issue received the full approval of the advisory board and their payment is desired by the large majority of the taxpayers of such townships; and, Whereas, Doubts have arisen as to the validity of such warrants and the authority of said townships to pay the same; therefore,

"Section 1. Be it enacted by the general assembly of the state of Indiana, That all actions, obligations and agreements of township trustees and advisory boards, and the debts and warrants issued by such trustees in good faith in payment therefor and for full value received for proper road, school and other township purposes and with the consent and upon the advice of the advisory board of any such townships, be and the same are hereby legalized and rendered valid; and any warrants issued in good faith together with interest thereon since the date of their issue be and the same are hereby made legal and binding obligations of any such townships: *Provided*, That the provisions of this act shall not apply to or affect any pending litigation."

Previous to the enactment of the advisory board act of 1899 (Acts 1899 p. 150, §9590 *et seq.* Burns 1914) it was held that a township might be held liable for proper and necessary supplies or services to the extent of the value received and retained, although the contract therefor by the trustee was

invalid because contrary to statutory provision. *Boyd* v. *Black School Tp.* (1890), 123 Ind. 1, 23 N. E. 862; *Clark School Tp.* v. *Home Ins., etc., Co.* (1898), 20 Ind. App. 543, 51 N. E. 107, and authorities cited; *Oppenheimer* v. *Jackson School Tp.* (1899), 22 Ind. App. 521, 54 N. E. 145. However, §11 of the advisory board act, *supra*, §9601 Burns 1914, expressly provides that all contracts made in violation of the provisions of the act shall be void, and, since the passing of such act, the doctrine declared in *Clark School Tp.* v. *Home Ins., etc., Co., supra,* and like cases, has not been recognized. *Moss* v. *Sugar Ridge Tp.* (1903), 161 Ind. 417; 68 N. E. 896 (on transfer from the Appellate Court), 67 N. E. 460; *Pipecreek School Tp.* v. *Hawkins* (1911), 49 Ind. App. 595, 97 N. E. 936; *First Nat. Bank* v. *Van Buren School Tp.* (1910), 47 Ind. App. 79, 93 N. E. 863.

The general assembly of 1911, moved no doubt by the belief that injustice often was done to deserving claimants by the honest failure of township trustees and advisory boards to comply strictly with all the conditions prescribed by the advisory board act of 1899, passed the act relied on by appellant, and other curative statutes. Acts 1911 pp. 66, 141, 350, 693, §9599 Burns 1914, note.

Without discussing the principle governing the validity of curative acts of this character, we content ourselves with holding that the act in question (Acts 1911 p. 66), properly construed, is valid as against any constitutional objection urged by appellee. *Johnson* v. *Board, etc.* (1886), 107 Ind. 15, 8 N. E. 1; *Campbell* v. *City of Indianapolis* (1900), 155 Ind. 186, 57 N. E. 920; 6 R. C. L. 320. *School Town of Windfall* v. *Somerville*, 181 Ind, 463, 477, 104 N. E. 859, Ann. Cas. 1916D 661. It is contended by appellant that, while the court found

that the loan was not procured in good faith, such finding is a mere conclusion and should be disregarded; that, since the court found that the money loaned was received by the trustee and deposited to the credit of the school fund, such fact entitled appellant to recover on the controverted warrants under the curative act; that no duty devolved on appellant to see that the loaned money was not misappropriated by the trustee, but in case of default the remedy was on his bond. On the latter proposition *City of Bloomington* v. *Citizens Nat. Bank* (1914), 56 Ind. App. 446, 105 N. E. 575, is cited. Conceding that such latter contention may be correct, when applied to loans procured in strict compliance with the advisory board act, we have here a different state of facts. These loans when made were concededly invalid. Aside from the failure to make any record of the board's action, the paper delivered to appellant, as evidence of the action actually taken, discloses on the face thereof that the board never found that there was any emergency making necessary the procuring of either loan on the controverted warrants. Moreover, the court finds that there was no necessity for either loan, and if the board had made a contrary finding it would have been false. We are left then to start with the proposition that the two warrants were invalid when issued, and whatever, if any, validity they have now is due solely to the provisions of the curative act. Other curative acts, germane to the subject-matter of this one, were passed by the same assembly, as heretofore noted, and they are properly considered in the construction of this one. *Shea* v. *City of Muncie* (1896), 148 Ind. 14, 21, 46 N. E. 138.

Moreover, in seeking the legislative intent it is

proper to consider the history of the law on the subject, both statutory and as judicially declared. So considered, we are of the opinion that this act (Acts 1911 p. 66), *supra*, does not contemplate the purpose of investing township warrants with any of the attributes of commercial paper, and that it was not intended to furnish relief in loan cases, except in cases where there was a necessity for borrowing, and where the loan made was honestly procured, and where, in addition, the proper school or civil corporation actually received and used the proceeds of the loan. *Miller* v. *Jackson School Tp.* (1912), 178 Ind. 503, 523, 524, 99 N. E. 102, 99 N. E. 111. Such construction leaves the remedial situation much as it was before the enactment of the advisory board act, as judicially declared in *Clark School Tp.* v. *Home Ins. Co.*, *supra*, and cases of similar import.

Here, under the court's findings, the conditions were such, when the two warrants issued, that lawful authority was lacking to procure any loan, regardless of what the advisory board might have done or failed to do; for only in emergency caused by the necessities of the situation did the trustee have any such authority. If, as claimed here by appellee, the trustee borrowed money to supply a deficit in the school funds caused by his former appropriation of portions thereof to the use of a partnership, composed of himself and one of the members of the advisory board engaged in buying live stock, such fact did not lawfully authorize the procurement of a loan either under the advisory board act or any other one previously existing, and, were it conceded that it was the purpose of the legislature to validate such proceedings, we would have altogether a different question in relation to the

constitutionality of its enactment.   Curative acts
of this character are strictly construed, where
8.   their provisions would work other than just
and equitable results.   *Johnson* v. *Board,*
*supra,* p. 19.

The advisory board act contemplates strict com-
pliance with some rules difficult to comprehend by
the unlearned, and in actual practice it sometimes
happened that honest debts for proper necessaries
actually used by townships were rendered uncol-
lectible by an ignorant failure of advisory boards
to strictly comply with all the conditions of the act.
Against such unjust results, "as between man and
man" this curative act was aimed.   See *Board, etc.*
v. *Heaston* (1896), 144 Ind. 583, 595, 41 N. E.
457, 43 N. E. 651, 55 Am. St. 192; *McFadden* v.
*Wilson* (1884), 96 Ind. 253, 257.   But no fair con-
struction of the statute would extend its curative
powers to the validation of loans procured where
there was an absence of basic conditions conferring
the requisite statutory authority.

We do not deem it necessary to consider appel-
lant's contentions concerning the claim that the
court's findings relating to the lack of good
9.   faith in procuring the two loans and the
absence of any emergency or necessity there-
for are mere conclusions, for, if such claims be
conceded, we are of the opinion that appellant must
fail because the burden was on it of establishing the
facts that the loans were procured honestly, that
there was a real necessity, and that the school
township received the benefit.   The two warrants
were confessedly void when executed.   The burden
was on the appellant to prove the facts essential to
show compliance with the provisions of the curative
statute.   *Miller* v. *Jackson School Tp., supra,* pp.

523, 524. On the facts found, the trial court did
not err in concluding that there was no
7. liability on the two warrants. Appellant
earnestly contends that the court erred in
overruling its motion for a new trial, because, as
alleged, the evidence was insufficient. A careful
consideration of the evidence impels the conclusion
that the decision of the trial court is not without
some support.

Other questions, of minor importance, are pre-
sented by appellant, but we are of the opinion that
it has failed to point out any reversible error.

Appellee has filed a brief on what it alleges to be
its assignment of cross-errors, and purporting to
challenge the judgment for appellant on the
10. $3,000 warrant. The transcript contains no
assignment of cross-errors, and we do not
consider any question attempted to be presented
thereon. Ewbank's Manual §125; *Dutton* v. *Dutton*,
30 Ind. 452.

The judgment is in all things affirmed.

NOTE.—Reported in 114 N. E. 450. Constitutionality of curative
acts, 76 Am. Dec. 527; 36 Cyc 1016. Statutes in *pari materia*, as
aid in construction, 18 Ann. Cas. 424; Ann. Cas. 1915A 186; Ann. Cas.
1915B 625.