RAILROAD SCHOOL TOWNSHIP *v.* FIRST STATE
BANK ET AL.

[No. 10,225.  Filed February 26, 1920.  Rehearing denied April
22, 1920.  Transfer denied May 28, 1920.]

1   SCHOOLS AND SCHOOL DISTRICTS.—*Townships.—Contracts.—
Record of Meetings of Advisory Board.—Appropriations.—*
Under §§9590, 9595, 9601 Burns 1914, Acts 1899 p. 150, Acts
1913 p. 276, a supplemental contract for remodeling a school-
house was void where no record of any meeting of the town-
ship advisory board directing its execution was kept, and no
appropriation existed for the obligation attempted to be cre-
ated thereby.  p. 365.

2.   SCHOOLS AND SCHOOL DISTRICTS.—*Township Advisory Board.
—Qualification of New Members.—Joint Acts of Old Board and
Trustee Thereafter Void.—*After the qualification of persons
newly elected as members of the township advisory board, an
act of the old board in declaring an emergency and joining
with the trustee in the execution of a note for repairs to a
schoolhouse was wholly without authority and void, as was
also the act of the trustee therein.  p. 366.

3.   OFFICERS.—*Statutory Powers.—Notice By Third Persons.—*
Those dealing with statutory officers are bound to take notice
of the limited nature of the powers conferred by the statute
and that such powers may be exercised only in the manner
provided by statute.  p. 366.

From Starke Circuit Court; *William C. Pentecost,*
Judge.

Action by the First State Bank against Railroad
School Township and others.  From a judgment for
plaintiff, the school township appeals.  *Reversed.*

*Harry C. Miller,* for appellant.

*James C. Fletcher* and *Charles H. Peters,* for appel-
lee.

NICHOLS, C. J.—Appellee First State Bank com-
menced this action in the Starke Circuit Court against
the appellant, Railroad School Township, *et al.,* based

upon the execution and delivery of an alleged promissory note which was unpaid, subsequently filing an amended complaint. To the amended complaint a demurrer by appellant was properly overruled. We do not need to set out the amended complaint, as the facts necessary for this decision sufficiently appear by the special findings of fact.

The substance of these findings, so far as necessary for this decision, are that: On July 17, 1914, Lewis and Spoor entered into a written contract with appellant for the erection of an addition to, and the remodeling of, a school building in said township, said contract being let pursuant to the authority of the advisory board after notice given as required by law. Pursuant to such contract said Lewis and Spoor at once began construction of such building. In the month of September, 1914, the trustee and advisory board of appellant township orally directed the architect and superintendent of the work to prepare a supplemental contract for additional work which was necessary on the old school building, not provided for in the original contract, which supplemental contract is in words and figures as follows:

"'Agreement for modification in the plans and specifications for the San Pierre High School, located at San Pierre, Indiana.

"'The following alterations and additions in and to the plans and specifications referred to in this contract between the parties below signed are hereby agreed upon without in any wise invalidating any of the provisions of said contract not inconsistent herewith this agreement to be and become a part of said original contract in a manner provided therein for cases of alteration and additions and to have the same force and effect as though originally contained.

"'The contractor shall and will provide all materials and perform all labor necessary for extra plastering and tearing off of the old mortar on the

old schoolhouse and extra plastering of the basement of the new addition.................$662.00

Building of new gutters on the old schoolhouse ...........................  190.00

Building hand-rails to stairway...........  30.00

Furnishing material and carpenter labor...  16.00

10% on all extra work..................  89.80

Total .........................$987.80

" 'It is hereby mutually agreed that for the doing of this work in a manner aforesaid that the said Lewis and Spoor shall receive Nine Hundred and Eighty Seven Dollars and 80/100 ($987.80) cents, over and above the amount provided in the said contract, and shall be paid in accordance with the terms thereof.

"Lewis & Spoor, by W. A. Lewis.
(Seal)
"Owen Daley, School Trustee of
"Railroad Twp. (L. S.)
"Recommended by J. F. Tarleton.' "

No record was made of this supplemental contract in the record of the advisory board of appellant township, and no record was made of any meeting of the advisory board directing the execution of such supplemental contract, and no appropriation was made by the advisory board at that time for the payment of the work covered in the supplemental contract. Such supplemental contract was attached to the original contract and was delivered by Owen Daly, the trustee of appellant township, to his successor in office, Dr. Wm. A. Solt. The contractors, Lewis and Spoor, under the supervision of the superintendent and architect, performed their contract, including the work done under the supplemental contract, in substantial compliance with the original and supplemental contract and to the approval of said architect and superintendent. December 30, 1914, said school building was completed in substantial compliance with the original and supplemental contracts, and said architect and superintendent issued his final certificate

therefor and delivered the same to Lewis and Spoor, the contractors, who in turn delivered the same to said Owen Daly, the trustee of appellant township. On said December 30, 1914, said trustee, together with Ed. Long, L. C. Kilgore, and Albert Kinderman, met in the office of the township trustee, in said Railroad School Township, and made the following entry in the advisory board record of said township:

" 'Dated December 30, 1914.

" 'The Advisory Board met in special session for the purpose of providing for an emergency and appropriation for funds to pay for the extra work done on the San Pierre District No. 1 School Building. It is hereby found by the Board that there is due and unpaid the sum of Nine Hundred Eighty Seven Dollars and Eighty Cents ($987.80), due Lewis & Spoor, contractors, and whereas an emergency exists, the said trustee and advisory board of Railroad Township hereby execute their note for the above amount mentioned, payable to Lewis & Spoor, due July 1, 1915, drawing 6% interest from date.

"Owen Daly, trustee.
"Ed Long, president.
"L. C. Kilgore, Secretary.
"Albert Kinderman,
"Member of Board.' "

Owen Daly was elected trustee of said township at the November election, 1908, and by operation of law his term was extended for a period of two years, or until January 1, 1915. Ed Long, L. C. Kilgore, and Albert Kinderman were duly elected and qualified as the township advisory board for said Railroad School Township at the general election held on the first Tuesday after the first Monday in November in the year 1910, and served as such until their successors were elected and duly qualified. Pursuant to the order made on December 30, 1914, and which was entered in the advisory board record, the note in suit was made, exe-

cuted and delivered to Wm. A. Lewis, one of the firm of Lewis and Spoor, and which note is in words and figures as follows:

> "'North Judson, Indiana, December 30, 1914.
>
> "'July 1st, 1915, after date, I, we or either of us, promise to pay to the order of Lewis & Spoor at the First State Bank, North Judson, Indiana, Nine Hundred Eighty Seven Dollars and 80/100 cents (987.80) with interest at the rate of 6% per annum from date until paid, and all attorney fees. Value received without any relief whatever from valuation or appraisement laws. The drawers and endorsers jointly and severally waive presentment for payment, protest, notice of protest and nonpayment of this note.

"Owen Daly, trustee R. R. Twp.
"Edward Long, President.
"Albert Kinderman.
"L. C. Kilgore, Secy. Board.

"Address San Pierre, Indiana.
"No. 14272.    Due July 1, 1915."

Said note was on the date of its execution sold by the payees to appellee First State Bank in the regular course of business and was indorsed by said firm as follows:

"Lewis & Spoor, By Lewis."

At the general election held on November 3, 1914, Peter Kramer, Henry Smith and Cassius Lake were elected by the legal voters of said Railroad township as and for members of the advisory board in said Railroad school township according to law. On November 12, 1914, said Kramer, Smith and Lake each appeared in person at the office of said trustee, Owen Daly, and took his oath of office and received his certificate of election and still retains the same. Said Kramer, Smith and Lake did not meet as an advisory board, nor organize as such, nor did they receive the books and papers belonging to the township advisory board of Railroad

township until January 4, 1915. At no time after the election of such Kramer, Smith and Lake did the trustee Daly call any meeting of said Kramer, Smith and Lake, or give them any notice in writing to meet with him as trustee of Railroad township. The first entry in the advisory board record of Railroad school township made by said members elected at the November election, 1914, was made on January 4, 1915, which was an entry to the effect that investigation showed the special school fund to be exhausted, with an order to the trustee authorizing him to borrow $800. The next entry of the advisory board was on January 5, 1915, which was a meeting for the purpose of auditing the books and papers of the ex-trustee, Owen Daly. At the meeting the advisory board refused to accept so much of the report of such trustee as related to the special meeting of the old advisory board called by said Daly on December 30, 1914, for the purpose of making an appropriation of funds for extra work done on the school building involved in this suit, the refusal being upon the ground that the members of such advisory board qualified November 12, 1914, and that they were the legally constituted board, and that the old advisory board had no authority to make any appropriation, nor to transact any other business for the township, and that it had no authority to accept the school building, and that said building was not completed according to contract. Objections to other transactions were made which we do not need to consider. The court found that the school building erected and the school building remodeled by the contractors, Lewis & Spoor, under the original and supplemental contracts, was used by appellant township before it was finally completed and accepted by said township for school purposes, and has ever since been so used and is still used for such purposes.

Article 3 of the original contract provided that no alterations should be made on the work except by written order of the architect, the amount to be paid by the owner or allowed by the contractor, by virtue of such alterations, to be stated in the order. It was further provided in such article 3 that in the event the owner and contractor should not agree as to the amount to be paid and allowed, the work should go on under the order of the architect and, in case of failure to agree, the determination of the amount should be referred to arbitration as provided in article 12 of the original contract. In the event of any change or modification of such original contract ordered by the trustee and advisory board, the price thereof was to be fixed by the architect and superintendent for such change, and such architect and superintendent fixed the price of the changes involved and indorsed the same on the supplemental and original contracts. The work was done under said original and supplemental contracts and the court finds that it was worth the price fixed by the architect and superintendent, and that the appellant township received the benefits of the same and still retains the same. The note in suit was indorsed by Lewis and Spoor to appellee First State Bank for its full face less $9.90 discount. The amount due on the note in principal was $987.80 and interest, $175.83. A reasonable attorney fee for plaintiff's attorney was found to be $138.62. The court stated the conclusions of law as follows: (1) That the appellee First State Bank should recover from appellant Township upon the note involved, $1,155.60. (2) That appellee be denied the recovery of attorney's fees against appellant township. (3) That appellee recover of Lewis and Spoor $138.62 attorney's fees.

A judgment was rendered accordingly. After motion for a new trial, which was overruled, appellant township now prosecutes this appeal. The errors assigned which

were properly presented are that the court erred in overruling the demurrer to the amended complaint; that the court erred in each of its conclusions of law "first and third"; that the court erred in overruling appellant's motion for a new trial.

The controversy in this case grows out of the supplemental contract. It will be observed that the trustee and advisory board orally directed the architect and superintendent to prepare such supplemental contract and that no record was made of any meeting of the board directing the execution of the same in the record of the advisory board of appellant township.

Section 9590 Burns 1914, Acts 1899 p. 150, provides that: "Such board shall keep a record of their proceedings in a separate book to be furnished by such trustee, and kept as a part of the records of the township, * * * and to remain in the custody of the chairman of such board. Said board shall elect one of its members secretary for said board, who shall record the proceedings thereof at any meeting, in full, under the direction of the board, which shall be signed before the board adjourns." This provision of the statute has been held to be mandatory. *First Nat. Bank* v. *Van Buren School Tp.* (1911), 47 Ind. App. 79, 93 N. E. 863; *State, ex rel.* v. *Parish* (1913), 180 Ind. 63, 99 N. E. 977. At the time no appropriation was made by the advisory board for the payment of the work covered by the supplemental contract. Section 9595 Burns 1914, Acts 1913 p. 276, provides that in no event shall a debt of the township be created except by the advisory board of such township, and in the manner in said act specified, and §9601 Burns 1914, Acts 1899 p. 150, §11, provides that all contracts made in violation of this act shall be null and void. It has been uniformly held that a contract made without an appropriation to

pay the debt incurred is void. See *Merchants Nat. Bank* v. *Delaware School Tp.* (1916), 185 Ind. 658, 114 N. E. 450; *State, ex rel.* v. *Parish, supra,* and cases there cited. In the last case, it is further stated that: "If a record must have been made when the contract was entered into, and an appropriation then made, and a record made of that act, it is clear that it cannot be made at some later time."

The term of office of the members of the old advisory board expired, by statute, on the day following the November election in 1914, or as soon thereafter as their successors were qualified, which, as appears by the findings of the court, was on November 12, 1914. Clearly then, the act of the old board in declaring an emergency, and in joining with the trustee in the execution of the note in suit on December 30, 1914, was wholly without authority, and void. The act of the trustee without the proper concurrence of a legally constituted advisory board was void.

Appellee, together with Lewis and Spoor, were bound to take notice that the trustee and advisory board were public officers, creatures of the statute, that they only had such powers as were conferred upon them by statute, and that they must exercise such powers only in the manner provided by statute. *Oppenheimer* v. *Greencastle School Tp.* (1905), 164 Ind. 99, 72 N. E. 1100. *First Nat. Bank* v. *Van Buren School Tp., supra.* It follows that the note in suit was executed wholly without authority, that it was void as against the township, and that appellee cannot recover thereon in this action.

The judgment is reversed, with instructions to the trial court to restate its conclusions of law, and to render judgment for appellant accordingly.